# Dauberman v. Hain.

*Mortgage—Judgment on scire facias—Evidence.*

In an action of ejectment where it appears that the plaintiff had formerly been the owner of the land which she had mortgaged, and that the defendants had bought the land from a purchaser at a sheriff's sale in foreclosure proceedings, the plaintiff will not be permitted to offer in evidence testimony to the effect that the mortgage had been paid, that the judgment had been entered against her for the want of a plea because she was too poor at the time to defend the case, and that the defendants had notice of these facts before they bought the property.

Argued May 22, 1900.   Appeal, No. 11, Jan. T., 1900, by plaintiff, from judgment of C. P. Juniata Co., Sept. T., 1896, No. 27, on verdict for defendants, in case of Della H. Dauberman v. Francis Hain and Henry Hain.   Before MITCHELL, DEAN, FELL, BROWN and MESTREZAT, JJ.   Affirmed.

Ejectment for land in Monroe township.   Before LYONS, P. J.

At the trial counsel for the plaintiff offered to prove by a witness that the mortgage was paid to Phœbe A. Keely,. the mortgagee, before the scire facias was issued thereon; that the mortgage was given for a proper debt of George F. Dauberman, husband of the plaintiff; that Mrs. Dauberman in joining in the mortgage simply gave it as surety for his debt, joined in the mortgage for the purpose of securing the debt; that George F. Dauberman was in prison when the scire facias was issued and served on him and was detained in prison until judgment was obtained on said scire facias, levari facias issued thereon

and the real estate sold by the sheriff on said writ and deed made by the sheriff to Louis E. Atkinson, the purchaser and attorney of Phœbe A. Keely, the mortgagee and plaintiff in said scire facias ; that Della H. Dauberman, when the scire facias was issued, judgment obtained, the levari facias issued, and sale of the real estate thereon and deed made to Louis E. Atkinson, was very poor and was unable after making diligent efforts to procure the necessary means, or money to employ and pay counsel and to procure the attendance of her witnesses to defend herself and pay the expenses of subpœnaing her witnesses, and other necessary expenses incident to a defense in such a case to prevent judgment being entered against her and her husband, George F. Dauberman, and to prevent the land from being sold on said levari facias. That Louis E. Atkinson, Francis Hain and Henry Hain were notified by the plaintiff and had due notice of all the above stated facts long before the said scire facias sur mortgage was issued and judgment obtained thereon, and before they purchased the land in dispute.

This offered together with the other evidence in the cause to show that the plaintiff is entitled to recover the land in dispute in this case.

Counsel for the defendant objects for the reasons assigned in the objection to the testimony of Jacob Reisinger, the witness previously on the stand. And for the further reason that the present plaintiff having had an opportunity to defend under the proceedings brought upon the mortgage cannot now be heard to assail the judgment on the scire facias.

The Court. : The writ of scire facias upon the mortgage in this case was dated July 12, 1893, and was personally served on the defendant on July 15, 1893, who appeared by counsel July 26, 1893, and filed an affidavit of defense on August 23, 1893, and a supplemental affidavit of defense. Subsequently a rule was taken to show cause why judgment should not be entered for want of sufficient affidavit of defense on December 19, 1893, and this rule was placed upon the argument list and argument had thereon and finally disposed of by the court discharging the rule. On January 5, 1894, a rule was then entered on the defendants to plead in twenty days or judgment under the rules of court. This rule was issued May 29, 1894,

and service thereof accepted by the attorney for the defendants on June 7, 1894. Judgment was taken for want of a plea July 9, 1894. Therefore, the record of the court showing that the defendants had a day in court, and an opportunity to be heard and neglected to do so, they cannot now interpose any defense to the judgment upon the mortgage in this action, and for these reasons the objection is sustained and evidence rejected. To which the plaintiff excepts and bill sealed. [2]

The court gave binding instructions for defendant.

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (2) rulings on evidence quoting the bill of exceptions; (3) in giving binding instructions for defendant.

*Charles Hower*, for appellant.—In this case there were no innocent parties: Fetterman v. Murphy, 4 Watts, 424; Hall v. Hamlin, 2 Watts, 354; Hoffman v. Strohecker, 7 Watts, 86; Troup v. Wood, 4 Johnson's Chancery (N. Y.), 247.

Plaintiff did not omit to assert her defense through laches or ignorance resulting from neglect, but because it was impossible for her to do so, and therefore she did not have her day in court: Hetzell v. Bentz, 8 Phila. 261; Cheyney v. Wright, 7 Phila. 431; Wistar v. McManes, 54 Pa. 318; Embry v. Palmer, 107 U. S. 3; Truly v. Wanzer, 5 Howard, 141; Hendrickson v. Hinckley, 17 Howard, 443; Yancey v. Downer, 15 Am. Dec. 35; Poindexter v. Waddy, 8 Am. Dec. 749.

*Louis E. Atkinson* and *Frank M. M. Pennell*, for appellees, were not heard, but in their printed brief said: A former judgment between the parties is conclusive as to a matter actually in litigation between them: Rockwell v. Langley, 19 Pa. 502; Philadelphia v. Girard's Heirs, 45 Pa. 9; Weaver v. Lutz, 102 Pa. 593; Casebeer v. Mowry, 55 Pa. 419; Shermer's App., 44 Pa. 396; Levan v. Millholland, 114 Pa. 49; Cyphert v. McClune, 22 Pa. 195; Otterson v. Middleton, 102 Pa. 78; Kennedy v. Baker, 159 Pa. 150; Benninghoff v. Stephenson, 161 Pa. 440.

PER CURIAM, May 29, 1900:

The judgment under which defendant derives title was regu-

lar in form and obtained in due course of procedure. There is no charge of collusion nor of fraud except as fraud may be inferentially set up in the allegation that the mortgage had been paid before the issue of the scire facias. But such payment was not admitted by the plaintiff in the scire facias. That was the issue in the case, the proceeding was adverse and the time to contest it was before judgment. It may have been unfortunate for appellant that circumstances prevented her from making such defense as she had at the proper time, but that was not the fault of the other party, and there is no ground on which the judgment can now be attacked.

Judgment affirmed.