Hoff et al. *v.* Allegheny County, Appellant.

Argued September 30, 1941. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Nathaniel K. Beck,* Assistant County Solicitor, with him *Walter P. Smart,* County Solicitor, for appellant.

*Frank W. Ittel,* with him *Harry Shapera,* for appellees.

OPINION BY MR. JUSTICE DREW, November 24, 1941:

Appellant, County of Allegheny, petitioned for the appointment of a Board of Viewers to ascertain the extent of the damages occasioned to abutting property owners as a result of the improvement and relocation of the Curry Hollow Road. An appeal was taken from the award to the Court of Common Pleas by appellees, guardians of the estates of two minors whose property adjoins the road. The jury rendered a verdict for appellees, and after the refusal of appellant's motion for a new trial and the entry of judgment on the verdict, this appeal followed.

On June 20, 1938, the Court of Quarter Sessions of Allegheny County entered a final confirmation of a grand jury plan for the improvement and relocation of the Curry Hollow Road, which resulted in the damages for which this suit was instituted. A right of way of vari-

able width was contemplated which was to attain a maximum width of 165 feet for a short distance directly in front of the property of appellees. This plan also provided that the paved portion of the road was to be 60 feet in width, and its construction was so ordered. The learned trial judge, over the objection of the appellant, ruled that the Court of Quarter Sessions exceeded its authority in confirming a plan for the construction of the road over a right of way exceeding 120 feet in width, and that to the extent the order confirmed the right of way over and above that width, it was a nullity. Appellees, therefore, were permitted to introduce testimony that since the 45-foot differential between 120 and 165 feet represented land the major portion of which would, under the circumstances, be owned by the owner of the land situate directly opposite from their property on the other side of the road, appellees' means of access was almost destroyed and the frontage of their property abutting on the road as improved and relocated was materially reduced from that which they had immediately prior to such improvement and relocation.

The sole question here for determination is whether or not it was error to permit appellees in this proceeding for land damages to introduce testimony in an attempt to show that the width of the road was other than as established in the grand jury plan which had been finally confirmed by the Court of Quarter Sessions. We are firmly convinced that it was error to allow this collateral attack on a final order of the Court of Quarter Sessions, and that appellant was materially prejudiced thereby.

The Act of June 13, 1836, P. L. 551, with its numerous supplements and amendments, confers authority on the Court of Quarter Sessions to order, inter alia, the improvement, relocation and vacation of public roads. Thus, by statute that tribunal had general power to enter upon the inquiry as to the improvement and relocation of the road here in question. That it had jurisdiction over the subject-matter is unquestionable, for that is a matter

which relates solely to the competency of the court to determine controversies of the general class to which the case presented for its consideration belongs: *Main C. & D., Inc., v. Columbia Super C., Inc.,* 332 Pa. 71, 74. Therefore, the final order of confirmation could not be impeached in the present action. It is well settled that when a judgment or final order is given by a court having jurisdiction of the subject-matter, its regularity cannot be questioned in a collateral proceeding: *McDonald v. Simcox,* 98 Pa. 619, 623; *Billings and May v. Russell,* 23 Pa. 189, 191; *Mulvihill v. Phila. Sav. F. Soc.,* 117 Pa. Superior Ct. 455, 461; *Foltz v. St. Louis & S. F. Ry. Co.,* 60 F. 316; 20 C. J. 1063. And this is completely so where, as here, the court had jurisdiction over the person; appellees had legal notice of the proceeding before the Quarter Sessions Court, they had opportunity to appear and object; no one objected and the report was confirmed absolutely: *Crescent Twp. v. Railroad Co.,* 210 Pa. 334.

Moreover, in ordering a right of way of variable width, the maximum of which was to be 165 feet, the Court of Quarter Sessions did not thereby exceed the jurisdiction conferred upon it by the Act of June 13, 1836, P. L. 551, as amended. Section 5 of that statute provides: ". . . the width of a public road shall not be less than thirty-three feet nor more than one hundred and twenty feet: Provided, That the limits of width shall not be construed to include the width required for necessary slopes in cuts or fills . . ." Whether or not the footage over and above 120 feet was necessary for "slopes in cuts or fills" was a matter of fact to be determined, in the first instance, by the Court of Quarter Sessions, and, therefore, it must be assumed that that court found that the additional width was required for such purposes: *Bartron v. Northampton County,* 342 Pa. 163.

Therefore, the ruling of the learned court below was clearly erroneous and since we are of opinion that it was harmful to the appellant because it materially enhanced the element of damages, a new trial must be granted.

Judgment reversed, with a venire facias de novo.