Boulton *v.* Starck, Appellant.

Argued November 15, 1951.   Before DREW, C. J.,
STERN, STEARNE, BELL, LADNER and CHIDSEY, JJ.

*Clarence R. Kramer,* with him *Pentz and Silberblatt,* for appellants.

*Robert I. Reed* and *Robert V. Maine,* with them *Smith, Maine, Whitsett & Lee,* for appellees.

OPINION BY MR. JUSTICE LADNER, December 27, 1951:

This is an appeal from a judgment for the plaintiffs on the pleadings in an action to quiet title.

The plaintiffs averred possession of two contiguous tracts of coal in Morris Township, Clearfield County, under deeds from the County Treasurer in 1945. In August, 1947, they leased certain of the coal to the Pennsylvania Coal & Coke Company. In April, 1950, defendants claiming title under a sheriff's deed prior in date (July 6, 1931) gave notice of their claim of ownership to plaintiffs' lessee, whereupon plaintiffs filed a complaint in an action to quiet title by which they sought a decree of title in their favor. To the complaint an answer was filed setting up new matter, then followed a reply to new matter, amendment to new matter by leave of court, reply to the amended new matter, a motion by the plaintiffs for judgment on the pleadings, a second amendment to new matter and a reply thereto and finally separate motions by plaintiffs and defendants for judgment on the pleadings.

The learned court below refused defendants' motion but granted plaintiffs judgment on the pleadings and decreed title in them from which decree defendants appealed.

From the abstracts of title annexed to the complaint and to the new matter we learn the common source of title to the two parcels of coal in question is the Victor Coal & Coke Co., in whose name the property in dispute prior to 1942 was assessed. Tracing chronologically the respective claims of title from that

source, it appears that defendants' claim of title is based on a sheriff's deed (dated July 6, 1931) to Rachel Wilkinson, pursuant to a sheriff sale to her of the coal in question (this sale being on tax liens filed to 183 May Term 1930 for the years of 1928 and 1929 returned unpaid).

The validity of this tax sale title is challenged in the plaintiffs' reply on the ground that the certification of the liens were not properly executed in compliance with the Act of May 16, 1923, P. L. 207, 53 P.S. 2021 et seq., and hence invalid. As against which the defendant argues that the sheriff sale being a judicial sale confirmed by the court cannot be collaterally attacked. With this the learned court below agreed citing *City of Phila. v. Lotter,* 32 D. & C. 169 (1938) ; *Randal v. Gould,* 225 Pa. 42, 73 A. 986 (1909) ; *Hoff v. Allegheny County,* 343 Pa. 569, 23 A. 2d 338 (1941) ; *Dauberman v. Hain,* 196 Pa. 435, 46 A. 442 (1900). However, the lower court further held that assuming the sheriff's sale to be valid, the appropriation of the proceeds therefrom being insufficient to pay the accrued taxes for the years of 1930 and 1931, the liens therefor were not divested (Sec. 31 of Act of 1923, 53 P.S. 2051). Hence a valid sale on such undivested tax liens would supersede defendants' title. We agree that the learned court's disposition of the matter so far was correct which brings us to the next question, viz., whether the plaintiffs have acquired a later valid tax title.

The plaintiffs rely first on a treasurer's sale for the unpaid taxes of 1930, 1931, duly returned, which sale was held January 10, 1936. At this sale the coal in question was brought in by the County Commissioners from whom Harry Boulton (one of the plaintiffs) bought the same on January 28, 1942. The plaintiffs rely also on two later deeds from the County Treasurer dated February 10, 1945, conveying the same parcels pursuant to a treasurer's sale for unpaid taxes

of 1942 assessed to Harry Boulton on October 17, 1944.

As to the first deed the defendants' pleadings assert the invalidity of the treasurer's deed to the Commissioners because though the two parcels of coal in question were separately *assessed* at separate valuations for the year of 1931, they were *not separately returned* but combined in a single return though listed as "169 A Coal Rt. and 70 A Coal Rt." The assessed valuations were lumped in one sum as were the delinquent taxes and the description appears as one, viz., "Under lands of Shields and Forcey. Estate." The taxes for 1930, however, also separately assessed, were *separately* returned. When the Treasurer proceeded to sell he combined the 1930 return in which the parcels were separately returned with the combined return of the 1931 taxes and advertised and offered the two properties for sale at *one* offering though listing them as 169 A Coal Rt. 74 A Coal Rt. The taxes due for the two parcels were combined for each year. Subsequently they were so sold together at public auction to Harry Boulton through whom the plaintiffs claim.

The learned court below concluded that since neither the Act of May 9, 1929, P. L. 1684, nor the Act of May 29, 1931, P. L. 280, 72 P.S. 5951, expressly prohibited a County Treasurer from lumping delinquent taxpayers' separately assessed properties for sale in one parcel, the sale was nevertheless valid. We cannot agree. In *Central Penna. Lumber Company's Appeal,* 232 Pa. 191, 194, 81 A. 204 (1911), this court speaking through Mr. Justice ELKIN said, "We have said that there is no such thing as taxation by implication and that all authorities having to do with the valuation and assessment of land and the levy and *collection* of taxes must look to the statutes for their authority to act: Phila. & Reading Coal & Iron Co. v. County Commissioners, 229 Pa. 460. This is settled law and needs no further discussion." (emphasis added)

Property separately assessed must necessarily be separately sold at tax sales for the tax lien on one property is not a lien on the other even if the ownership be the same. This has been the recognized practice for over a century and must remain so until the legislature sees fit to make a change. To permit a combination of separately assessed parcels of real estate even though contiguous at the whim of the tax collector would present many practical difficulties. To suggest a few of them without attempting to catalogue all, such practice would impede, if not actually prevent, the owner's right to redeem his property separately. If the tax collector may combine two parcels of real estate separately assessed, he may just as logically combine 3 or 10 or 20. Such action might exclude many prospective bidders and reduce desirable competition at the sale with consequent loss to the taxing district or to the owner entitled to any overplus. So, too, it might prevent the owner of limited resources from staying the sale of one property by payment of taxes thereon. Equally potent reasons could easily be multiplied. In short, the authority to combine separately assessed parcels of real estate as here asserted cannot be upheld in absence of legislation so authorizing. We therefore hold the title pleaded by plaintiffs as derived through the treasurer's tax sale of 1936 to be invalid.

This brings us to the second treasurer's sale. After Harry Boulton purchased from the Commissioners the title they bought at the invalid treasurer's sale of 1936, the parcels were again separately assessed and separately returned for non-payment of 1942 taxes, being assessed in the said Harry Boulton's name. On October 17, 1944, these parcels were separately sold at the county treasurer's sale for nonpayment of the 1942 taxes to *Harold* J. Boulton, to whom they were conveyed by separate treasurer's deeds each dated February 10, 1945. It is to be noted that the error of com-

bining the two parcels in one return and sale was not repeated.

The defendants attack the validity of this sale on the ground that the description in the assessment of 1942 taxes in the name of Harry Boulton and the description in the deeds to Harold J. Boulton were insufficient to identify the parcels. The record before us, consisting as it does, of merely pleadings, which refer to recorded instruments with here and there extracts of the same, makes it impossible for a reviewing court to pass on questions which may depend on the precise wording of the recorded instruments. While it is true Pa. R. C. P. 1019 permits incorporation by reference of records of the prothonotary, clerks of courts of record, recorder of deeds, and register of wills, this rule does not include tax assessment records not recorded in any of the enumerated offices. The learned court below may have been in the position to examine them, but we are not. Consequently, the mere reference to such a record is not sufficient to bring the instrument before the court unless at a trial the record is produced or on a motion on the pleadings relevant parts relied on are put in the record by stipulation of counsel.* We doubt the propriety of endeavoring to decide complicated matters arising under questioned tax titles by motion for judgment on the pleadings which merely incorporate by reference but do not set forth the many records and documents essential to be known.

---

* It should be noted that Pa. R. C. P. 1019, allowing incorporation of certain records by mere reference thereto, is permissive only and for the convenience of counsel. There is nothing in the rule to prevent counsel from annexing as an exhibit to his pleading, a copy of the record referred to. Where counsel believes the issue is likely to be one of law only and there is a probability of the matter being disposed of by motion on the pleadings he ought to annex copies of the records relied on.

Where pleadings do not present a case clear and free from doubt summary judgment is improper: *Kittaning Coal Co. v. Moore,* 362 Pa. 128, 132, 66 A. 2d 273 (1949), and as frequently said, judgment on pleadings may be entered only in a clear case: *Peabody v. Carr,* 316 Pa. 413, 175 A. 378 (1934). This obviously is not such a clear case. The record is far too incomplete to support the judgment entered as we will demonstrate. We must assume that the 1942 assessment of the two parcels of coal in the name of Harry Boulton follows the commissioner's earlier deed to him. Defendants aver in their second amendment to their new matter, paragraphs 29 to 31, that the only description in that deed (of 1942) and in the deed to the Commissioners from the County Treasurer of 1936, is a reference to the acreage viz. "169 A coal Rt. and 70 A coal Rt." If this were all of the description of the respective deeds and assessment the descriptions would be obviously insufficient for in *Hunter v. McKlveen,* 361 Pa. 479, 482, 65 A. 2d 366 (1949), Chief Justice (then Mr. Justice) DREW said, "It is the well-settled rule of this Commonwealth that no tax sale of land is valid unless both the assessment and the conveyance by the treasurer contain sufficient descriptions to identify and disclose the property taxed and sold: Fisk v. Corey, 141 Pa. 334, 21 A. 594; Lyman v. Philadelphia, 56 Pa. 488; Phila. v. Miller, 49 Pa. 440. It is not necessary that the descriptions be by metes and bounds, but the land must be so identified that the owner, the collector, and the public can determine what property is being assessed or sold: Norris v. Delaware, L. & W. R. R. Co., 218 Pa. 88, 66 A. 1122."

But the plaintiffs in their reply deny the allegation that the description is correctly set forth in the amended new matter and aver that the description actually reads, "169 A coal rt. and 70 A. coal rt. Assessed to Victor Coal & Coke Co. in Morris Township." To this

is added the further averment that the parcels of coal in question were the only two parcels of land owned by the Victor Coal & Coke Co. in Morris Township. Thus two issues are raised (1) that the description set forth in the defendants' new matter is incorrect (2) that the Victor Coal & Coke Co. had no other lands in Morris Township. The first may be resolved by inspection of the deed though the assessment must be shown by production of the assessment records at trial, but the second must necessarily be submitted to a jury to find the fact. When these two facts are resolved only then can the court properly pass on the sufficiency of the description to vest title. The issues are framed by the new matter and reply. The averments in the reply cannot be taken as a verity for the defendant is not required to answer the reply averments which put the matter in issue.

In the circumstances we refrain from discussing the question further as it is necessary for us to reverse and remand the cause for further proceedings.

Judgment reversed with a procedendo.