## Bundy, Appellant, *v.* Myers.

584

Submitted November 11, 1952. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY and MUSMANNO, JJ.

*Ross H. Pentz,* for appellant, submitted a brief.

*Carl A. Belin, Pentz & Silberblatt* and *Clemens Simon,* for appellees, submitted a brief.

*Harry F. Stambaugh,* Special Counsel, *Thomas Corbett,* Deputy Attorney General and *Robert E. Woodside,* Attorney General, for Commonwealth of Pennsylvania, amicus curiae, submitted a brief.

OPINION BY MR. JUSTICE JONES, February 13, 1953:

The plaintiff is the successor in title to the grantee of certain realty under a deed of 1884. The defendant Myers is successor in title to the grantor in the same deed which contained the following reservation: "Excepting and reserving, out of this land, the oil, coal, fire clay and minerals of every kind and character with rights of entry for the purpose of removal of the

same . . . ." Myers leased to defendant Rupert the rights so reserved. Rupert entered upon the land, drilled a well and obtained natural gas. The plaintiff, claiming that gas was not embraced by the reservation, sued Myers and Rupert in ejectment to gain possession of the well. The defendants filed preliminary objections to the complaint, relying upon the reservation in the deed of 1884 for Rupert's right to the gas. The court below concluded that natural gas was included in the reservation and accordingly sustained the defendants' preliminary objections. The reasoning of the court was that inasmuch as oil was expressly included in the reservation and since, at the time of the deed in 1884, it was well known that natural gas was frequently found along with oil, it was the intention of the parties that gas also was reserved. From the order entered sustaining the defendants' preliminary objections, the plaintiff has appealed.

In construing the reservation, two basic principles of long standing are to be borne in mind: (1) that a reservation in a deed is to be construed most strongly against the grantor: *Klaer v. Ridgway,* 86 Pa. 529, 534, and *Sheffield Water Company v. Elk Tanning Company,* 225 Pa. 614, 623-624, 74 A. 742; and (2) that the law of Pennsylvania recognizes the existence of a rebuttable presumption that the word "mineral", when used in a deed reservation or exception, does not include oil or natural gas. See *Dunham and Shortt v. Kirkpatrick,* 101 Pa. 36, 44; *Silver v. Bush,* 213 Pa. 195, 198, 62 A. 832; and *Preston v. South Penn Oil Company,* 238 Pa. 301, 302, 86 A. 203.

In the *Kirkpatrick* case, supra, decided in 1882, it was held that the reservation of "all minerals", contained in an agreement of sale, made in 1870, and in the consequent deed of 1881, did not include *oil.* Speaking for this court, Mr. Justice GORDON said,—"But if

they did entertain such an idea, and expected to reserve oil under the general term 'mineral,' they were mistaken, and should have known that they were using that word in a manner not sanctioned by the common understanding of mankind, hence, in a manner that could not be approved by the courts of justice."

Twenty-three years later in *Silver v. Bush*, supra, where a claim to *natural gas* was made under a deed reservation of "the mineral underlying" the land conveyed, it was held that the rule expressed in the *Kirkpatrick* case, supra, which excluded oil from a reservation of "all minerals", applied *a fortiori* to natural gas. Chief Justice MITCHELL there said (pp. 198, 199), —"Certainly such gas is a mineral in the broadest sense of the term, but *no evidence* was given or offered to show that the parties so understood or intended the word mineral, or even that it had acquired a usage in conveyancing which would include gas. . . . This decision [in *Dunham v. Kirkpatrick*] was part of the law of the state when the deeds in question were made, and to some extent at least, as was said by the learned judge below, it had become a rule of property on which many titles in western Pennsylvania rested. To take any case out of its operation the evidence should be clear and convincing that the parties used the words in a different sense" (Emphasis supplied). Here, likewise, the deed in question was made subsequent to the decision in *Dunham v. Kirkpatrick*, supra.

Finally, in 1913, in *Preston v. South Penn Oil Company*, supra, it was held that a reservation of "all mineral" rights did not include petroleum or natural gas, there being no evidence to show that the parties to the deed intended the word mineral to include petroleum or gas or that the word had acquired a meaning in conveyancing which would include them. Chief Justice FELL, speaking for this court, said that "The

case presented was squarely ruled by the decision in Dunham v. Kirkpatrick . . ."; and that the same question was raised in *Silver v. Bush,* supra, where "The earlier [Kirkpatrick] decision was approved and followed." After pointing out (p. 304) that "The decision in other jurisdictions on the question involved . . . are not harmonious", Chief Justice FELL added that "This want of harmony may in a measure be attributed to the difference in the popular understanding of the nature of petroleum as its production has progressed and expanded. Dunham v. Kirkpatrick has been the law of this State for thirty years and very many titles to land rest upon it. It has become a rule of property and it will not be disturbed."

*Dunham v. Kirkpatrick* has now been the law of this State for seventy years and is still no less a rule of property which is not to be disturbed. Certainly, the defendant assignees of the original grantor advance no valid reason for disturbing it. Their contention that, under the rule of *ejusdem generis,* the reservation included natural gas in that it was as much a mineral as the oil which was expressly reserved, is untenable. If the oil and gas were intended to be included in the "minerals" reserved, then why was the oil expressly reserved? *Expressio unius est exclusio alterius.*

It is, of course, true that there are cases where the term "mineral" or "minerals" was held to embrace oil and gas. Such rulings, however, were in situations fundamentally different from that which the instant case presents. For example, in *Wilson v. A. Cook Sons Co.,* 298 Pa. 85, 148 A. 63, the question was whether or not a sheriff's sale of reserved rights for taxes under an assessment, which described such rights as the "mineral" estate, included "the petroleum or crude oil and natural gas" which were the expressed and sole subject-matter of the reservation. The ruling in that case

was that the reservation created a separate estate in the oil and gas which was a part of the mineral estate. Counsel for the amicus curiae pertinently points out that, as only oil and gas were mentioned in the reservation, if the word "mineral", used in the assessment to describe the rights reserved, did not include them, it included nothing. All of the cases cited by the defendants are distinguishable and none of them derogates from the rule of *Dunham v. Kirkpatrick.*

It follows from what we have said that the learned court below erred in sustaining the defendants' preliminary objections. Presumptively, the reservation was not intended to include natural gas. If the actual intent of the parties was otherwise, it is incumbent upon the defendants to so aver which necessarily calls for an answer raising the issue.

The order is reversed with a procedendo at the appellees' costs.