## Clauhs v. Quinn, 3rd, et al.

238

*Eastburn & Gray,* for plaintiff.

*J. Lawrence Grim,* for defendants.

SATTERTHWAITE, J., June 19, 1953.—This is an action to quiet title by which plaintiff seeks judgment against defendants, validating his tax title to certain premises in Hilltown Township, Bucks County, Pa., and requiring defendants to deliver possession, under Pa. R. C. P. 1061, implementing the Act of April 20, 1905, P. L. 239, as amended by the Act of March 21, 1945, P. L. 47, 12 PS §2571 et seq. Defendant Walter Kulp Quinn, 3rd, a minor (for whom a guardian was duly appointed in these proceedings), was the last record owner of the premises prior to the tax sale, by virtue of a deed therefor from defendants Walter K. Quinn, Jr., and Lillian M. Quinn, dated November 23, 1945. Defendants Walter K. Quinn, Jr., Lillian M. Quinn and Stanley Heacock are in possession of the premises, the latter as a tenant. The property was sold by the County Treasurer of Bucks County to the County Commissioners of Bucks County at a tax sale on August 1, 1949, as the property of defendant Walter Kulp Quinn, 3rd, for nonpayment of 1947 taxes assessed against the same. By deed dated October 9, 1951, and duly recorded, the County Commissioners of Bucks County, pursuant to decree of this court authorizing and confirming the same, after due public notice and hearing as required by law, granted and conveyed the same to plaintiff. Defendants have failed and refused to recognize plaintiff's title and to deliver possession despite notice thereof.

The answer by the guardian appointed for the minor defendant admits the relevant facts but avers, solely

in denial of plaintiff's allegation of ownership, and not by way of new matter, that the tax sale by the county treasurer to the county commissioners and the conveyance by the county commisisoners to plaintiff are invalid to vest title in plaintiff: (1) Because the former record owner of the property, Walter Kulp Quinn, 3rd, was and is a minor, having been born on September 20, 1937, and no guardian had been appointed to represent him in those proceedings; (2) because the tax collector's return of unpaid 1947 taxes failed properly to describe the premises, and (3) because the consideration of $325 paid by plaintiff to the county commissioners was so grossly inadequate as to amount to a fraud upon the court in approving the sale.

Plaintiff's preliminary objections to the answer raise certain formal objections thereto relating to the form and manner of pleading and also question the legal sufficiency of the answer by way of demurrer. No answer was filed on behalf of the other defendants.

The county treasurer's tax sale of the premises in question was held pursuant to the provisions of the Act of May 29, 1931, P. L. 280, as amended, 72 PS §5971(a) et seq., the County Commissioners of Bucks County by resolution of January 27, 1948, having elected not to accept the provisions of the Real Estate Tax Sale Law of July 7, 1947, P. L. 1368, 72 PS §5860.101 et seq. Under the Act of 1931, and its various amendments, the former owner had a two-year period within which to redeem the premises. The several provisions thereof relating to the manner of conducting such sales and to the right of redemption contain no specific reference or saving clause relating to persons under disabilities at the time of such sale or thereafter.

It is argued on behalf of minor defendant that since "an infant lacks capacity to enter into contracts or

to convey or mortgage his property, it logically follows that an infant's property cannot be lost by a judicial sale without the consent of the court". The difficulty with this argument is that it is too arbitrarily stated, is not founded on a proper legal premise and totally loses sight of the fact that special considerations for persons under disability are matters of legislative grace, rather than of absolute legal right, at least insofar as questions of statutory rights and duties are concerned. It is a well established principle of law in Pennsylvania that legislative enactments relating to legal rights and privileges, which contain no exceptions for persons under disability, are generally applicable to all, whether or not a commonly recognized incapacity may be involved in a particular case.

For example, in Warfield v. Fox, 53 Pa. 382, the leading case on the subject, it was held that the five-year period within which to appeal from the probate of a will under the Act of April 22, 1856, P. L. 532, sec. 7 (now repealed), is applicable notwithstanding the coverture or minority of the parties entitled to appeal. At page 385 of the opinion appears the following frequently cited quotation:

"A saving from the operation of statutes for disabilities must be expressed, or it does not exist: *Mobly v. Oecker*, 3 Yeates 202; *Beckford v. Wade*, 17 Vesey 94. A law general in its nature binds minors and *femes covert*, and there is a multitude of statutes by which the rights of such persons are affected, though they are not specially named."

There are many other examples of the application of this principle: The 30-year period prescribed by the Act of April 22, 1856, P. L. 532, sec. 1, 12 PS §82, as a bar to any action for the recovery of real estate is absolute and effective notwithstanding that disabilities of coverture, weakness of mind and infancy may continue beyond that time (Hunt v. Wall, 75 Pa. 413);

the five-year period within which to enforce an implied or resulting trust under the Act of April 22, 1856, P. L. 532, sec. 6, 12 PS §83, runs to bar such a claim by a lunatic (McCall v. Webb, 88 Pa. 150), or by a minor (Way v. Hooton, 156 Pa. 8); the five-year period for redemption of unseated lands sold at a tax sale and purchased by the county commissioners as provided by sections 5 and 6 of the Act of March 13, 1815, P. L. 177, 6 Sm. L. 299, 72 PS §§6131-6132, applies to prevent redemption thereafter of lands so sold notwithstanding a minor's interest therein (Metz v. Hipps, 96 Pa. 15); the presumption of payment of a ground rent arising by nonpayment or nonrecognition thereof by the owner of the land charged for 21 years under the Act of April 27, 1855, P. L. 368, sec. 7, 12 PS §80, applies even though plaintiffs, seeking to enforce the rent charge, were under a disability to bring suit therefor during a part of the 21-year period by reason of an outstanding precedent life estate therein (Wallace v. Fourth United Presbyterian Church, 152 Pa. 258); a deed of assignment for the benefit of creditors by a minor executed under the Fraudulent Debtors' Act of July 12, 1842, P. L. 339, sec. 13, 39 PS §286, in order to obtain his discharge from imprisonment for debt is not subject to subsequent repudiation by the minor (Williams v. Ivory, 173 Pa. 536); the five-year period for review and rehearing of the final confirmation of the accounts of a fiduciary under section 48 of the Fiduciaries Act of June 7, 1917, P. L. 447 (now repealed), precludes such a review thereafter even though minor beneficiaries were involved and were not represented at the audit (Elkins's Estate, 325 Pa. 373); the two-year period of limitation of actions for personal injuries under the Act of June 24, 1895, P. L. 236, sec. 2, 12 PS §34, is applicable to bar suit notwithstanding that plaintiff was a minor at the date of the accident and continued

to be a minor after the expiration of the two-year period: VonColln v. Pennsylvania Railroad Company, 367 Pa. 232.

It is further argued on behalf of minor defendant that there is legislation which protects him from this tax sale in the proviso of section 4 of the Act of March 13, 1815, P. L. 177, 6 Sm. L. 299, 72 PS §6093 as supplemented by the Act of April 25, 1850, P. L. 569, sec. 30, 72 PS §6094. This proviso is only a part of section 4 of that act, the whole section relating to the redemption of *unseated lands* sold at tax sale to an individual purchaser. It expressly gives minors the right to redeem and to recover the lands so sold within two years after reaching majority. This statute has no application to the present case, however, for two reasons. First, the Act of 1815 applies only to tax sales of *unseated lands*, whereas the Act of 1931, supra, under which the premises presently in question were sold, governs the matter in the case of *seated lands* and contains no such provision for minors. Secondly, even if, as defendant contends, this part of section 4 of the Act of 1815 is to be read into the Act of 1931, with which argument we do not agree, nevertheless, it does not help defendant in the instant case in view of the fact that the premises in question were purchased at the tax sale by the county commissioners and not by an individual: Metz v. Hipps, supra, 96 Pa. 15.

Our conclusions in this respect are fortified by the decision of the Court of Common Pleas of Delaware County in Alessi v. Davis et al., 73 D. & C. 1, also involving the validity of a tax sale in which a minor's interest was divested. There the argument was made, by analogy, that a judgment against a minor for whom no guardian had been appointed was a nullity, citing the Supreme Court Rules of Civil Procedure. The court's comment with respect to this contention is equally applicable here ,(at page 4) :

"Aside from the fact that defendant wholly misreads R. C. P. 2034 (d) there is no analogy whatsoever between a personal action against a minor and a sale of a minor's real estate for nonpayment of taxes. The latter is a proceeding in rem: Bailey et al. v. Zielinski, 39 Luz. 265, 269. And as to the legal effect of a judgment against a minor, not represented by a guardian ad litem, see Hamilton v. Moore, 335 Pa. 433."

Accordingly, we hold that the minority of defendant, Walter Kulp Quinn, 3rd, constitutes no defense in the within case.

The adequacy of the second and third defenses alleged on behalf of minor defendant cannot be decided on the present state of the record. With respect to the sufficiency of the description of the premises in the tax collector's return of unpaid 1947 taxes, the answer of the guardian fails to set forth a copy thereof. It is therefore not properly before us at this time. The fact that a copy of the description is contained in plaintiff's preliminary objections does not, in our opinion, place the matter upon the record, inasmuch as no notice to plead is endorsed on the preliminary objections and the truth thereof should not therefore be taken as admitted: Pa. R. C. P. 1026. In view of the recent decision of the Supreme Court in Boulton v. Starck, 369 Pa. 45, we very much doubt our right to refer to the original records since they are not the records of one of the enumerated offices which may be incorporated by reference in a pleading under Pa. R. C. P. 1019 (g). Inasmuch as a defense is based upon a writing and such writing would appear to be accessible to defendants, under Pa. R. C. P. 1019 (h) a copy thereof should be attached to defendant's answer. Plaintiff's preliminary objections raising this question should be sustained.

Similar observations may be made with respect to the allegations of fraud urged as the third defense.

The answer of the guardian fails to aver fraud with particularity as required by Pa. R. C. P. 1019(b) and has incorporated the general allegations relating thereto in the answer rather than by way of new matter as required by Pa. R. C. P. 1030. Accordingly, the preliminary objections to the answer in this respect also should be sustained.

In view of the most serious nature of the grave charges of fraud alleged as a third defense in this case, we prefer not to express any opinion on the merits thereof on the present inadequate state of the record with respect thereto. Therefore, we do not pass upon plaintiff's demurrer to the answer as a whole. Such allegations must be fully developed factually in fairness to all concerned. In passing, we would like to suggest that it would be better practice for defendant to plead with more definiteness the matters comprehended in the second and third defenses of the sixth paragraph of the present answer, by way of new matter in an amended answer, so that plaintiff may reply thereto. When the pleadings are closed, a motion for judgment on the pleadings under Pa. R. C. P. 1017(a) might well be filed by either party. If the facts are fully developed at that time by admissions in the appropriate pleadings, it may be that this case can be disposed of without trial. Compare Ruegg, Admx., v. River Lane Knitting Mills, Inc., 2 Bucks 52, 58. However, where pleadings do not present a case clear and free from doubt, summary judgment is improper: Boulton v. Starck, supra, page 51.

## Order

And now, June 19, 1953, it is ordered that plaintiff's preliminary objections numbered 1(c), 1(d), 1(e), and 1(g), be and hereby are sustained and the answer of Walter Kulp Quinn, 3rd, by Harry L. Lees, Jr., guardian, is therefore stricken off. Leave is given to

file an amended answer and new matter within 20 days from this date in conformity with the foregoing opinion.