# Ray Klump, Inc., v. Borough of Ephrata

*Charles W. Eaby, Jr.,* for plaintiff.

*Windolph, Burkholder & Hartman,* for defendant.

WISSLER, P. J., October 24, 1958.—Plaintiff filed a complaint in trespass against defendant to recover damages alleged to have been sustained by reason of defendant negligently refusing to accept plaintiff's bid

in accordance with defendant's advertised bids for the construction of a municipal garage and warehouse on defendant borough property at Church and Pine Streets, Ephrata, Lancaster County, and in lieu thereof accepted the illegal bid of Mohler Construction Co.

Defendant, the Borough of Ephrata, filed an answer containing new matter to plaintiff's complaint and plaintiff, Ray Klump, Inc., filed a reply to the new matter contained in defendant's answer. Following the filing of plaintiff's reply, defendant filed a motion for judgment on the pleadings, assigning six reasons in support thereof. A motion for judgment on the pleadings is, in effect, a demurrer, and in considering the same the court should be guided by the same principles as were heretofore applicable in disposing of a preliminary objection in the nature of a demurrer. On such a motion the court must accept as true, even though denied, averments of fact by the opposing party which are material and relevant: London v. Kingsley, 368 Pa. 109. A motion for judgment on the pleadings should be granted only in a case which is clear and free from doubt: Boulton v. Starck, 369 Pa. 45, 51.

Viewing the pleadings in the instant case with the foregoing legal principles in mind, the following material facts appear. Defendant, prior to November 6, 1957, advertised for bids for the construction of a municipal garage and warehouse on borough property at Church and Pine Streets, Ephrata, Lancaster County. In said advertisement authorized by defendant borough, the plans and specifications were set forth as prepared by Carl W. Feuhrer, the borough manager. In pursuance of said advertisement for bids, plaintiff, by its president and secretary, under date of November 6, 1957, in writing submitted a bid in full compliance with the plans and specifications in the amount of $69,680 and attached to said bid a certified

check payable to the Borough of Ephrata in the amount of $3,750. On or about November 6, 1957, the Mohler Construction Co., of Ephrata, submitted a bid in the amount of $67,367.40, however, with an addendum sheet attached wherein was set forth an additional charge on a cost-plus basis. The information for bidders which was furnished to plaintiff and other prospective bidders contained, inter alia, the following:

"6. ACCEPTANCE OR REJECTION OF PROPOSALS—The Council of the Borough of Ephrata, Pa., reserves the right to reject any or all proposals. Without limiting the generality of the foregoing any proposals which are incomplete, or irregular may be rejected; proposals having erasures or corrections in the price sheet may be rejected; proposals that omit a bid on one or more items may be rejected; proposals that fail to provide all the information requested may be rejected; and any proposal accompanied by an insufficient or irregular certified check may be rejected. . . .

"8. ACCEPTANCE OF PROPOSALS AND ITS EFFECT—Within thirty (30) days after the opening of the proposals the Council of the Borough of Ephrata will act upon them. The bidder of the accepted proposals shall be given written notice of the award by the Borough Secretary and no other act shall constitute the acceptance of the proposal. The acceptance of a proposal shall bind the successful bidder to execute the contract and be responsible for liquid damages as provided in Article No. 9 of this document.

"10. DETERMINATION OF LOW BIDDER— The low bidder shall be determined by comparison with other bids. . . ."

Defendant alleges in paragraph 22 of its new matter:

"On November 11, 1957, at 8:00 P.M., or shortly thereafter, all the bids that had been received were opened at a public meeting of Borough Council, where-

upon it became apparent that the low bidder was Mohler Construction Co., in the amount of $67,367.40, but that said bid was irregular within the meaning of paragraph 6 of the Information for Bidders by reason of the addendum set forth in the plaintiff's complaint. No action was taken at said meeting."

Plaintiff in its reply states:

"The facts set forth in Paragraph 22 are denied, and on the contrary, it is averred that when the bids were open at the public meeting of Borough Council, it became apparent that Mohler Construction Company submitted an illegal bid, and further that Plaintiff, Ray Klump, Inc., was the apparent low legal bidder."

Plaintiff in its reply admits the allegations in paragraphs 23 and 24 of defendant's new matter, which allegations are as follows:

"(23) Subsequent to said meeting, Carl W. Feuhrer, the Borough Manager, acting on the advice of the Borough Solicitor, notified Mohler Construction Co., that it was the low bidder for the construction of said municipal garage and warehouse, but that the addendum attached to its bid constituted an irregularity and that its bid could not be accepted unless the addendum were withdrawn; and (24) on November 21, 1957, which was less than thirty days after the opening of bids, Mohler Construction Co., withdrew said addendum by letter addressed to and delivered to Borough of Ephrata. A copy of said letter is attached hereto, hereby made a part thereof, and marked 'Exhibit A.' On November 29, 1957, which was within thirty days after the opening of the bids, the defendant entered into an agreement with Mohler Construction Co., for the construction of said municipal garage and warehouse for the sum of $67,367.40, in the form shown in the exhibit attached to the plaintiff's complaint."

It is the contention of defendant that the conduct of its officers in permitting the withdrawal of the addendum attached to the Mohler Construction Co., bid was not in violation of the provisions of the Borough Code requiring all contracts in excess of $750 to be awarded to the lowest responsible bidder; that by the terms of the information for bidders, the borough reserved the right to reject irregular proposals, but did not obligate itself to reject such proposals if the irregularities were corrected within 30 days after the opening of the bids and before the execution of the agreement for the construction of the garage and warehouse. On the other hand, plaintiff not only contends, but in its reply to paragraph 22 of defendant's new matter, states that when the bids were opened at the public meeting it became apparent that Mohler Construction Co., by the addendum attached, materially varied the plans and specifications and, therefore, its bid was illegal and void and in violation of the statute requiring the award to be given to the lowest bidder: Borough Code of May 4, 1927, P. L. 519, art. XIII.I, sec. 1316, as amended July 19, 1951, P. L. 1026, sec. 4, 53 PS §46316. By reason thereof, plaintiff was the apparent low legal bidder.

Plaintiff in support of its contention that the rights reserved by defendant in its information for bidders only contemplates minor irregularities and not material variance, cites 10 McQuillin on Municipal Corporations, 3rd ed., §29.68, wherein it is stated:

"While bids cannot be changed in substance after presentation and the lapse of the designated time for opening the bids, mere irregularities in form may be corrected after being opened."

In Fairbanks Morse & Co. v. City of North Bend, 68 Neb. 560, 94 N. W. 537, in construing a statute requiring the awarding of a contract to the lowest responsible bidder upon the conditions and terms as set

forth in public notice for bids, it was held that the object of the statutory provision is to invite competition and to prevent favoritism, and to attain that object it is essential that the bidders, so far as possible, be put on terms of perfect equality and that they be permitted to bid on substantially the same proposition, and on the same terms.

In Coller v. City of Saint Paul, 223 Minn. 326, 26 N. W. 2d 835, it was held that after the bids have been received and opened no material change may be made in any bid, citing Louchheim v. Philadelphia, 218 Pa. 100, and that the test of whether a variance between the bid and the city's plans and specifications is a material one, is whether it gives the bidder a substantial advantage or benefit not enjoyed by other bidders. This same general principle has been approved by our own Supreme Court in Harris v. Philadelphia, 299 Pa. 473, in which Mr. Justice Simpson, at page 479 of the opinion, stated:

"In Smith v. Phila., 227 Pa. 423, 430-31, we said: 'In awarding contracts, the officers of the city must comply strictly with the requirements of the statutes. . . . We have said this time and time again for reasons which are apparent and which have been fully and frequently stated. . . . These statutory provisions (section 6 of the Act of May 23, 1874, P. L. 230), as held in Hinkle v. Phila., 214 Pa. 126, are mandatory and must be strictly complied with. They cannot be evaded or disregarded by the city or by its officials. The protection of the public as well as the rights of the contractor require their rigid enforcement. . . .' "

The statute under which the cause in question arises is the Borough Code of May 4, 1927, P. L. 519, art. XIII.I, sec. 1316, as amended July 19, 1951, P. L. 1026, sec. 4, 53 PS §46316, which provides, inter alia:

"All contracts or purchases in excess of seven hundred fifty dollars, . . . shall not be made except with

and from the lowest responsible bidder after due notice in one newspaper of general circulation. . . ."

While the principle of strict enforcement as held in Smith v. Phila., 227 Pa. 423, and Harris v. Philadelphia, 299 Pa. 473, was under the earlier Act of May 23, 1874, P. L. 230, the same principle would apply to the similar Act of May 4, 1927, P. L. 519, presently before the court.

It is true, as contended by defendant, that there seems to be no Pennsylvania case in which a contractor was permitted to recover damages against a municipality where a contract was awarded to a person who was not the lowest responsible bidder. However, the A. L. I. Restatement of the Law of Torts recognizes a civil liability for the violation of a statute. In A. L. I. Restatement of the Law of Torts §286, it is stated:

"The violation of a legislative enactment by doing a prohibited act, or by failing to do a required act, makes the actor liable for an invasion of an interest of another if: (a) the intent of the enactment is exclusively or in part to protect an interest of the other as an individual; and (b) the interest invaded is one which the enactment is intended to protect; and (c) where the enactment is intended to protect an interest from a particular hazard, the invasion of the interests results from that hazard; and (d) the violation is a legal cause of the invasion, and the other has not so conducted himself as to disable himself from maintaining an action."

This section was quoted in part with approval and followed in Jinks v. Currie, 324 Pa. 532, and approved in its entirety in Ennis v. Atkins, 354 Pa. 165, upholding that the violation of a legislative enactment by doing a prohibited act, or by failing to do a required act, makes the actor liable for an invasion of an interest of another.

In Pinkerton v. Solis, 169 Pa. Superior Ct. 420, it was held that judgment on pleadings may be entered only if the pleadings present a case clear and free from doubt, and every doubt must be resolved against the entry of a summary judgment. Doubtful cases should go to trial, especially those involving intricate relations demanding an inquiry into the facts of the controversy. In Bogojavlensky v. Logan, 181 Pa. Superior Ct. 312, Judge Rhodes, at page 320 of the opinion, stated:

"The motion for judgment on the pleadings under Pa. R. C. P. No. 1034, is in the nature of a final demurrer before trial. It is, as its name implies, directed to the pleadings, and its purpose is to determine whether on the pleadings it would be useless to proceed to trial."

This court feels that the instant case is not so clear and free from doubt as would warrant the entry of a summary judgment.

And now, October 24, 1958, for the foregoing reasons, defendant's motion for judgment on the pleadings is denied.