Humphrey *v.* Clark, Appellant.

Argued March 24, 1948. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*John B. Nicklas, Jr.*, with him *Henry S. Moore, Regis F. Mahady, Mahady & Mahady* and *McCrady & Nicklas*, for appellant.

*D. J. Snyder, Jr.*, with him *Kunkle, Trescher & Snyder*, for appellee.

OPINION BY MR. JUSTICE PATTERSON, April 22, 1948:

William Humphrey, III, appellee, instituted this action in ejectment to recover land formerly owned by him but which was purchased by the commissioners of Westmoreland County at five treasurer's tax sales beginning in the year 1940 and subsequently conveyed by the commissioners to appellant's predecessor in title. The case was tried by a judge without a jury. This appeal is from the decree of the court below dismissing appellant's exceptions to a decree holding the tax sales null and void for the reason that the assessments and returns did not sufficiently describe the property.

William G. Humphrey, on February 21, 1920, acquired title to 420 acres of unseated land in Derry Township, Westmoreland County. He died testate and by his will dated March 24, 1936, duly probated in the County of Allegheny, gave to his son, Wm. Humphrey, III, appellee, "All [his] real estate in the counties of Allegheny, Westmoreland and Bedford, in the state of Pennsylvania." A copy of the will was filed in the office of the register of wills of Westmoreland County. The deed to William G. Humphrey and his will represent the common source of title. The land has been, since 1933, variously assessed in the names of "Wm. Humphreys & Son", "Wm. Humphrey heirs" and "Wm. Humphreys." The tax returns for the same period have designated the owner variously as "Wm. Humphreys & Son", "W. Humphrey's heirs" and "Wm. Humphreys." The county commissioners, with the approval of court, on March 29, 1945, conveyed the entire tract of 420 acres to W. C. Miner who in turn conveyed to Ernest W. Clark, appellant. On June 3, 1946, appellee instituted this action in ejectment.

Appellant contends that the tax assessments and returns were legally sufficient as regards description and identification to support the sales for taxes for the reason that the name William Humphrey was one whose connection with the title to the land was admitted. This contention must be sustained.

The validity of the tax sale is necessarily dependent upon a valid assessment and return thereto: *Norris v. Delaware, Lackawanna & Western Railroad Co.,* 218 Pa. 88, 95, 66 A. 1122; *Nypen Corporation v. Sechrist,* 138 Pa. Superior Ct. 361, 10 A. 2d 822. The assessment confers the power to sell: *City of Philadelphia v. Miller,* 49 Pa. 440. ". . . the assessment is void only when it *wholly fails to lead* to identification": *Glass v. Gilbert,* 58 Pa. 266, 290. There must be a description which will enable the owner, the collector, or the public to deter-

mine "what property was intended to be returned for the payment of taxes": *Norris v. Delaware, Lackawanna & Western Railroad Co.,* supra, 98. In *City of Philadelphia v. Miller,* supra, this Court said (p. 449) : "It is the assessment, therefore, which must contain the means of identification of the ownership, in order that the proprietor may pay his tax, or redeem if he fails to pay in time. It may be by a name, though it need not be . . . But if by a name alone, it must be by one linked to it, or once associated with it, so that the chain which binds them together, when followed by the hand of the real owner, will lead him to it."

In *Lyman v. City of Philadelphia,* 56 Pa. 488, 499, the controversy arose over the identical piece of land and involved the identical tax assessment considered in *City of Philadelphia v. Miller,* supra. The conclusion "that a sale without description, circumstance or name, having any known relation to the land is bad" was reaffirmed. Regarding the multitude of cases in which the assessment was held valid, cited in *City of Philadelphia v. Miller,* supra, it was said: ". . . in every one there existed some element of identity in the assessment itself leading to a knowledge of the land assessed. This element consisted of a name connected with a title of some kind once existing in connection with the land, or of a number or a known designation, an adjoinder, a settlement or some other circumstance to lead to knowledge of the land that was assessed." In that case, as in *City of Philadelphia v. Miller,* supra, it was held that a prior assessment in the name of John Trembel, where the warrantee's name was James Trembel, could not be resorted to under a subsequent assessment in the name of John Turnbull. The reason that this could not be done was because there was no other circumstance of identity and the name John Turnbull had never been connected in any manner whatsoever to the title of the land. In *Vandermark v. Phillips,* 116 Pa. 199, 9 A. 257, this Court

held that an assessment on land situate in the City of Wilkes-Barre "Hughes, Thomas—vacant lot—sold three years ago—bridge, . . ." was too defective in form to constitute a valid basis for a sale for the non-payment of taxes. In *Woodside v. Wilson*, 32 Pa. 52, the number of the tract was improperly designated but it was shown that the land was known by the name of "Rockwell", the same as that in which it was assessed, and that "Rockwell" was the name of a person in whose name it had theretofore been assessed and sold, and who had in fact been the owner and taxpayer for ten years. This Court held that the designation "Rockwell" was sufficient to afford a means of identification.

William Humphrey admittedly held title to the land in question during his lifetime and thereafter his son, William Humphrey III, appellee, acquired title by will. The name Humphrey has been associated with the land since 1920. It is not asserted that the assessor, collector, or any other person having to do with the land did not know to what land the assessment and return referred. Nor is there any suggestion that any person was misled thereby. It does not appear from the record that there was any other 420 acres with which the name Humphrey had been in any way connected. The names "Wm. Humphreys", "W. Humphreys heirs" and "Wm. Humphrey & Son" referred to a known holder in the chain of title and furnished sufficient identification for purposes of assessment. The sales for delinquent taxes, based upon the assessments and returns, were valid.

The court below misconstrued the holding in *Norris v. Delaware, Lackawanna & Western Railroad Co.*, supra, and *City of Philadelphia v. Miller*, supra. In the former, the assessment was held insufficient because it represented an assessment of 14 acres of coal in place upon a much larger tract. The assessment was made in the name Horton although the subjacent and surface estate had long been severed. There was the further fact that the collector made return that he could not find

the property assessed. The case is clearly inapposite for here the assessment was upon the entire tract located in Derry Township and included both surface and subjacent estates. *City of Philadelphia v. Miller,* supra, has been referred to above as having been assessed in the name of John Turnbull, a name never in any way connected with the title to the land.

Whether an assessment identifying a property by a name other than that of the true owner is sufficient must necessarily depend upon numerous facts and circumstances. Important factors in such determination are the nature of the land conveyed, whether rural or urban, and whether there are other lands in the immediate vicinity owned by the same person. It is sufficient in the circumstances of this case that the assessment made of a given number of acres of land without other descriptive identification than the name of a person known in connection with the title to the land, supports the sale of the land for taxes.

It is immaterial whether the Act of 1931, P. L. 280, as amended, 72 PS §5971(a)[1] is deemed applicable in the instant case for in any event the requirement that the land be sufficiently identified is complied with.

Judgment of the court below is reversed and here entered for appellant.

---

[1] Act of 1931, P. L. 280, as amended, 72 PS Section 5971(a) provides: "From and after the passage of this act, it shall be the duty of each receiver or collector of any county, city, borough, town, township, school district, poor district or institution district taxes, to make a return to the county commissioners of such taxes which are assessed and levied on seated lands, and which are unpaid, and for which no liens have been filed, not later than the first Monday of May, in the year succeeding the year in which the respective taxes were assessed and levied, filing therewith a description of said real estate by adjoiners or otherwise, sufficient to identify said land with name of the owner or reputed owner against whom such taxes were assessed and levied, and the amounts of taxes unpaid, and the year during which the said taxes were assessed or levied."