Sarous, Appellant, *v.* Morgan.

Argued March 25, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Henry Gouley,* for appellant.

*John R. Graham,* for appellees.

OPINION BY ARNOLD, J., July 17, 1952:

This is an action to quiet title, brought by the purchaser of a lot at tax sale against two tenants in common, John Morgan and Emma Bivens, and tried without a jury. Judgment by default was taken against Morgan; and plaintiff appeals from judgment entered for Bivens after hearing by the lower court.

The lot in question, situated in the Borough of Clifton Heights, was purchased in 1924 by John Morgan and Enos Bivens. Bivens conveyed his interest to his wife, appellee here, who has been the record owner since 1932. The lot was first assessed in 1934, solely in the name of Morgan, and in 1935 the collector made a return for taxes as "lot near Baltimore Avenue. N. Penn Street . . . assessed in the name of John Morgan." In 1940 it was sold under the same description to the county commissioners and likewise in 1949 by the commissioners to plaintiff. While this was the only lot owned by Morgan and Emma Bivens on North Penn Street, Morgan did own other properties on North Penn Street, near Baltimore Avenue; and both owned other properties in the borough.

The judgment must be affirmed, the description under which the lot involved was assessed and sold being wholly inadequate to identify it. " 'It is the well-settled rule of this Commonwealth that no tax sale of land is valid unless both the assessment and the conveyance by the treasurer contain sufficient descriptions to identify and disclose the property taxed and sold . . . [The] land must be so identified that the owner, the collector, and the public can determine what property is being assessed or sold . . .' ": *Boulton v. Starck,* 369 Pa. 45, 51, 85 A. 2d 17. "Whether an assessment identifying a property by a name other than that of the true owner is sufficient must necessarily depend upon numerous facts and circumstances. Important factors in such

determination are the nature of the land conveyed, whether rural or urban, and *whether there are other lands in the immediate vicinity owned by the same person*": *Humphrey v. Clark*, 359 Pa. 250, 255, 58 A. 2d 836. (Italics supplied). If there be no valid assessment, the tax sale is void, and no interest passes to the county as a result thereof: *Hunter v. McKlveen, Prothonotary, et al.*, 361 Pa. 479, 65 A. 2d 366. And if the return does not enable the owner, officer and public to identify and determine "from the return the *exact* property which is delinquent and liable to sale," the sale is void: *W. M. Vandermark v. E. Phillips et al.*, 116 Pa. 199, 203, 9 A. 257. (Italics supplied).

The assessment, return or sale in the instant case did not identify this particular lot. It may have been any one of several Morgan properties; and neither the defendant, the collector nor the public, could have determined which property was meant. That it had never been assessed in the Bivens name, and that no taxes had ever been paid on this lot cannot aid the plaintiff. He must stand or fall on the title acquired at the sale, and this was nil. Under the Act of 1933, P. L. 853, 72 PS §5020-407, the recorder of deeds, in counties of the third to eighth classes, is required to file with the county commissioners for tax purposes a record of all conveyances, including the names of the grantors and grantees. Thus the taxing authorities could have protected themselves by reference to this record. See *Gordon v. Harley et al.*, 165 Pa. Superior Ct. 433, 68 A. 2d 439.

Judgment affirmed.