## Cantwell v. Henzler

*William H. Conca* and *Herman A. Wecht,* for plaintiffs.

*J. Lawrence Grim* and *Harry K. Wampole,* for defendants.

DAVIS, P. J., (specially presiding), November 1, 1956.—Plaintiffs in this action to quiet title filed their complaint on March 6, 1951, alleging that they are the owners of certain premises situate in Bensalem Township, Bucks County, having acquired the same from William H. Conca et ux. by deed dated October 30, 1950; that said William H. Conca acquired the same from the County of Bucks which had acquired said property by virtue of a tax sale held on August 2, 1948, for nonpayment of taxes assessed against the property, and praying that the court decree their title as valid and indefeasible as against all defendants.

Defendants, John Henzler and Hannah Henzler, his wife, filed their answer on October 8, 1951, denying that the County of Bucks became seized of the said

property because the aforesaid tax sale was null and void for the following reasons:

"(a) That the advertisement of the tax sale was defective because the property was advertised as belonging to John Henzler only, whereas, said property was owned by John Henzler and Hannah Henzler, his wife.

"(b) That Hannah Henzler received no notice of the tax sale proceeding as required by law.

"(c) That the description of the property in the tax sale as '1 Lot Tennis Avenue, adjoining Cantwell, Bensalem Township,' was not a sufficient compliance with the statute that the tax collector shall file with his letter, a description of said real estate by a joinder or otherwise sufficient identity to said lands as required by the Act of 1931, May 29, P. L. 280, §1; 1939, June 20 P. L. 498, §1."

In due course the case came before the writer of this opinion, specially presiding, for trial without a jury by agreement of the parties.

### Findings of Fact

From the evidence in the case we find the following facts:

1. That on March 8, 1937, John Henzler and Hanna Henzler, his wife, became seized of the following described real estate:

"ALL THAT CERTAIN lot or piece of ground SITUATE in the Township of Bensalem in the County of Bucks, and State of Pennsylvania, Bounded and described according to a Plan and Survey thereof made by Charles H. Moon, Woodbourne, Pennsylvania, for William S. Koons, bearing date the Thirtieth day of July A. D. 1917 as follows, to wit: BEGINNING at a corner of J. Willard's land on the Easterly side of Tennis Avenue, Four hundred forty-seven and seventy-five one hundredths feet Northward from a stone

placed at the intersection of Tennis Avenue, and a line connecting the Southwest and Southeast corners of the original tract of Anton Hofmeier, thence continuing along the said side of Tennis Avenue, North twenty-one degrees, thirty-eight minutes West eighty-four and four tenths feet to a corner of Theodore Lippincott's land, thence by said land North sixty-three degrees, two minutes East One hundred ninety-four and eight tenths feet to land now or late of Doctor Charles R. King; thence by said land South twenty-seven degrees, seven minutes East One hundred and three feet to a corner of the said J. Willard's land, thence by said Land South sixty-eight degrees, twenty-two minutes West Two hundred and four feet to the Easterly side of said Tennis Avenue and place of beginning.

"BEING the premises which Margaret F. Hellings by deed dated March 8, 1937 and recorded in Bucks County Deed Book 650, page 223 on April 15, 1937, conveyed to John Henzler, his wife."

2. The tax assessor's card from which the 1946 tax duplicate was prepared listed property of John Henzler et ux., Bensalem Township. 1½ lots assessed at $400.

3. The words "Vacant Land" were typewritten on the said assessor's card where the printed words "Physical description" appeared.

4. The duplicate, prepared from the assessor's card, for the Township of Bensalem, in the county commissioners' office of Bucks County lists under the name and address of taxables: "Henzler, John et ux., 3410 Solly Avenue, Philadelphia. Value of land: $400.00. Aggregate value: $400.00. Number of acres: 1.60. Description: 1½ lots; 1½ story frame cottage."

5. The words "1½ story frame cottage" were entered in error.

6. That John Henzler and Hanna Henzler, his wife, failed to pay the county, road and school taxes for the

year 1946 upon their property in Bensalem Township, which is described in finding no. 1.

7. That the tax collector for Bensalem Township on the first Monday in May, 1947 made a return for unpaid 1946 taxes, which included the following: Name and address: John Henzler, 3410 Solly Avenue, Philadelphia, Pa. Lots of acres: *One and one-half.*

|  | Amount | Penalty | Total |
|---|---|---|---|
| County Institutional .. |  |  |  |
| District Tax ......... | $1.60 | $ .08 | $1.68 |
| Road Tax ........... | 2.80 |  |  |
| Fire Tax ........... | .40 | .16 | 3.36 |
| School Tax ......... | 8.80 | .44 | 9.24 |

Under location and description property: *"One and one-half lots; one and one-half story frame cottage."*

8. That sometime after May, 1947, a typewritten entry was made in the "Tax Return Docket" of Bucks County for Bensalem Township, under the name of John Henzler, with address at 3410 Solly Avenue, Philadelphia, and that sometime thereafter the name Hanna was added by fountain pen. That the property was thereafter described as *"One lot, Tennis Avenue, adj. Cantwell"*. That sometime thereafter there was also added to the description, in writing by fountain pen, DB 649/439.

9. On March 31, 1948, as shown in the original book of the treasurer's office of Bucks County containing complete records of registered letters to delinquent taxpayers, under number of article no. 1734, a registered letter addressed to John Henzler, notifying him of a public sale of the land to be held August 2, 1948, was sent by the county treasurer, addressed to 3410 Solly Avenue, Philadelphia.

10. The said book under article no. 1735 shows a notice was sent to another taxpayer by the said office, i.e., Walter Hermanson, Eddington, Pa., which notice

was marked "returned April 9, 1948, Unknown"; and that there is no notation of the return of the notice to John Henzler.

11. That the county treasurer of Bucks County caused an advertisement to be published in the Bristol Courier and in the Doylestown Intelligencer on three (3) separate occasions as required by law, listing property in the name of John Henzler, owner, and described as: "One lot, Tennis Avenue, adj. Cantwell", for sale at a Public Tax Sale on August 2, 1948.

12. That on August 2, 1948, the county treasurer of Bucks County, sold a property in Bensalem Township, described as *"One Lot, Tennis Avenue, adjoining Cantwell"*, to the Bucks County Commissioners for unpaid 1946 taxes, amounting to $22.28, which included costs of $8.00.

13. That after November 8, 1948, the Bucks County Treasurer published an advertisement in the Doylestown Intelligencer of the notice of the finding of the treasurer's return of sales for delinquent taxes for the years of 1945 and 1946 held on August 2, 1948, to the effect that the court of common pleas of Bucks County on September 7, 1948, approved the same nisi, that the returns remain on file in the prothonotary's office and exceptions may be filed within 60 days of said return, otherwise the returns will be confirmed absolutely. That the return of said sale appears in the prothonotary's office in tax sale return no. 17, of Bucks County, on page 364.

14. That on September 7, 1950, the Bucks County Commissioners filed a petition in the court of common pleas of Bucks County averring that William H. Conca offered to purchase for $200 a property described as *"All that certain lot of land on Tennis Avenue* situate in the Township of Bensalem, County of Bucks, State of Pennsylvania", as described in the Office of the Recorder of Deeds of Bucks County, in Deed Book 649,

page 439, and that in said petition taxes are listed against John Henzler and Hanna Henzler for the year 1946, 1947, 1948, 1949 and 1950; and that the total amount of taxes and costs appear as $131.90; that notice of the intended presentation of said petition was properly advertised in the Bristol Courier.

15. During the month of September, 1950, *prior to the date fixed by the court to hear the petition of the County Commissioners to sell to William H. Conca, i.e., October 2, 1950,* Edward J. Cantwell and William H. Conca called upon Hannah Henzler at her home at 3410 Solly Avenue, Philadelphia, at which time they spoke to her and informed her of the aforesaid hearing, and advised her to secure the services of her real estate broker or her lawyer, "and for her to see her lawyer and do something about it".

16. At the hearing of the aforesaid petition on October 2, 1950, Ernest H. Harvey, clerk of the County Commissioners of Bucks County testified that he had the land appraised by Vincent E. Massi and John E. Healey, both of whom appraised the land in the fair value of $200.00; thereafter upon proof of publication of the petition, as aforesaid, the court entered a final order and decree, per Biester, J., giving leave to sell the aforesaid land as property of John and Hannah Henzler and/or W. S. Koons.

17. Counsel agreed that the contents of the aforesaid petition, all petitions and all records, stenographic notes of testimony taken October 2, 1950, and all other records may be incorporated and referred to as fully as if copied in the record, so that the court can examine anything in connection with the history of the matter.

18. That on October 2, 1950, the Court of Common Pleas of Bucks County ordered the county commissioners to deliver to William H. Conca the county com-

missioners' deed for property described as *"All that certain lot of land on Tennis Avenue* situate in the Township of Bensalem, County of Bucks, and State of Pennsylvania," as described in the office for recording of deeds at Doylestown, Pa., in deed book 649, page 439, for the purchase price of $200.

19. That on October 10, 1950, the County Commissioners of Bucks County executed and delivered a county commissioners' deed to William H. Conca for *"all that certain lot of land on Tennis Avenue* situate in the Township of Bensalem, County of Bucks, and State of Pennsylvania", as described in deed book 649, page 439, which deed is recorded on November 6, 1950, in deed book 779, page 416.

20. That on October 30, 1950, William H. Conca and Florence L. Conca, his wife, executed and delivered a deed to Edward J. Cantwell and Edna May Cantwell, his wife, for *"all that certain lot of land on Tennis Avenue* situate in the Township of Bensalem, County of Bucks, and State of Pennsylvania", as described in the Office for the Recording of Deeds at Doylestown, Pennsylvania, in deed book 649, page 439.

21. That John Henzler and Hanna Henzler, his wife, have failed to pay taxes for the year 1946 and 1947 upon the property described in finding no. 1.

22. That John Henzler and Hanna Henzler, his wife, have paid all taxes, including county road and school taxes, for the years 1948, 1949, 1950 and 1951 upon the property described in finding no. 1.

23. That the only property ever owned by John Henzler and Hanna Henzler, his wife, in Bensalem Township, Bucks County, Pennsylvania, is the property described in finding no. 1.

24. That the premises described in finding no. 1 herein is a vacant lot and that no buildings have ever been located thereon, and in particular there has never

been located thereon "a One and one-half story frame cottage".

<em>Discussion</em>

We will first consider the matter of notice of tax sale. A timely notice of sale was sent by registered letter addressed to John Henzler at his address in Philadelphia, as provided by the Act of May 29, 1931, P. L. 280, sec. 7, as amended, 72 PS §5971g. Mr. Henzler testified he did not remember receiving the notice. If he did not receive the notice, which we do not find as a fact, the failure to receive notice does not invalidate the sale. The aforesaid act provides that proof that said notice was not received shall not invalidate title to property sold at a tax sale.

The Supreme Court, in Hess v. Westerwick, 366 Pa. 90, 97, referring to a similar provision of the Real Estate Tax Sale Law of July 7, 1947, P. L. 1368, said:

"This is not objectionable. Someone must take. the risk of mail miscarriage rare as that may be, and that risk may fairly be placed on the delinquent taxpayer who has the duty of protecting his title against such defaults."

Therefore, as regards John Henzler, it seems clear that the notice of sale was sufficient.

John Henzler and Hanna Henzler, his wife, owned the property as tenants by the entireties. No notice of sale was sent by registered mail or otherwise to Hanna Henzler. However, we do not believe that the failure to give notice to Hanna Henzler invalidates the tax sale. No appellate court case precisely on this point has been cited by counsel. However, in Orban v. Orasz, 13 Somerest 412, 418, it was held that notice by registered mail addressed to the husband, one of the tenants by entirety, was sufficient. This conclusion appeals to reason and common sense. The inexorable inevitability of death and taxes is not only celebrated in prose and poetry, it is common to the thinking of

all classes of people, as evidenced by the casual conversation of the man on the street. Since each tenant by entirety is seized of the entirety, service of one tenant by entirety comprises literal compliance with the statute of 1931, supra, requiring service upon the "owner of the land".

" '. . . But as Blackstone says (page 182) : ". . . if an estate in fee be given to a man and his wife, they are neither properly joint-tenants, nor tenants in common: for husband and wife being considered as one person in law, they cannot take the estate by moieties, but both are seized of the entirety, *per tout, et non per my:* the consequence of which is, that neither the husband nor the wife can dispose of any part without the assent of the other, but the whole must remain to the survivor". To the four unities of a joint tenancy therefore is added the unity of the husband and wife as a person in the law.' See also Blease v. Anderson, 241 Pa. 198, 88 A. 365; C. I. T. Corp. v. Flint, 333 Pa. 350, 5 A. (2d) 126": Walker's Estate, 340 Pa. 13, 15.

The excerpt from Hess v. Westerwick, supra, cited by defendants in support of their position, is not in point because in that case notice was not served on either the owner in whose name the delinquent tax was assessed or the actual record owner at the time of sale.

We will now consider the remaining question: Was the description of the property sufficient to comply with the law relating to sales of land for nonpayment of taxes?

To recapitulate: The assessment card listed the property as owned by John Henzler et ux., Bensalem Township, 1½ lots vacant land; the tax duplicate contained similar information except under description there was added "1½ story frame cottage", said addition being admitted to be erroneous; the return by the

tax collector contained the same information as the duplicate except the owner was listed as John Henzler; the tax return docket prepared by the county commissioners listed the property as owned by John Henzler and described it as "1 Lot, Tennis Avenue, adj. Cantwell." Subsequent to the original preparation of the return docket the name Hanna and DB 649/439 were added in writing; the notice of sale was directed to John Henzler at the Philadelphia residence where he lived with his wife. An examination by defendants of the official records regarding this property would have disclosed the following information relating to the description of the property, inter alia: Name of Owner, John H. Henzler, et ux.; location and description, 1½ lots vacant land on Tennis Avenue adjoining Cantwell in Bensalem Township.

The responsibility is on the owner to obtain the information made available by the assessment records: De Simone v. McCray, 44 D. & C. 600, 603.

The general principle that there must be a sufficient description of the property to enable the owner and the public to identify it runs throughout the multitude of cases covering this troublesome subject. What constitutes an identifiable description depends upon facts in each case.

In Sarous v. Morgan, 171 Pa. Superior Ct. 165, the question of adequacy of description of land sold at a tax sale was under consideration. Judge Arnold, now Justice Arnold, reviewed the cases as follows:

" ' "It is the well-settled rule of this Commonwealth that no tax sale of land is valid unless both the assessment and the conveyance by the treasurer contain sufficient descriptions to identify and disclose the property taxed and sold . . . [The] land must be so identified that the owner, the collector, and the public can determine what property is being assessed or sold . . .' ": Boulton v. Starck, 369 Pa. 45, 51, 85 A. 2d

17. 'Whether an assessment identifying a property by a name other than that of the true owner is sufficient must necessarily depend upon numerous facts and circumstances. Important factors in such determination are the nature of the land conveyed, whether rural or urban, and *whether there are other lands in the immediate vicinity owned by the same person*': Humphrey v. Clark, 359 Pa. 250, 255, 58 A. 2d 836. (Italics supplied.) If there be no valid assessment, the tax sale is void, and no interest passes to the county as a result thereof: Hunter v. McKlveen, Prothonotary, et al., 361 Pa. 479, 65 A. 2d 366. And if the return does not enable the owner, officer and public to identify and determine 'from the return the *exact* property which is delinquent and liable to sale,' the sale is void: W. M. Vandermark v. E. Phillips et al., 116 Pa. 199, 203, 9 A 257. (Italics supplied.)"

Presumably, the name John Henzler had been linked to this property since its purchase in 1937. The description of the character of the land is definite; that is, it is in the form of lots, not acreage, it is vacant. It is true that due to an error in the commissioner's office, the collector's return also listed one and one-half story frame cottage, but this was corrected on the return docket. This error could not have misled the owner since it was the only property owned by him in the township, and a stranger would have been put on notice by the inconsistency so that the matter could have been cleared up on inquiry. The return tax docket also gives the further information that it is located on Tennis Avenue and adjoins Cantwell. Considering this lot is located in a township and not an urban area, we believe that a stranger armed with the name of the owner, the name of the street on which the lot is located and the name of an adjoining owner who had lived on Tennis Avenue for 23 years, by reasonable diligence could locate and identify the land in dispute. Certain-

ly, the owners could not complain. The conveyance to them locates the premises on Tennis Avenue and describes the same by metes and bounds. We cannot see how they could have been deceived by the description, particularly since they owned no other land in Bensalem Township.

"Whether an assessment identifying a property by a name other than that of the true owner is sufficient must necessarily depend upon numerous facts and circumstances. Important factors in such determination are the nature of the land conveyed, whether rural or urban, and whether there are other lands in the immediate vicinity owned by the same person. It is sufficient in the circumstances of this case that the assessment made of a given number of acres of land without other descriptive identification than the name of a person known in connection with the title to the land, supports the sale of the land for taxes": Humphrey v. Clark, 359 Pa. 250, 255. Also see Thompson v. Frazier, 159 Pa. Superior Ct. 395, 397.

We conclude that the assessment records contained sufficient information to enable the owner and the public to determine "what property was intended to be returned for the payment of taxes" and what property was subsequently sold at a treasurer's tax sale.

Defendants stress the recent case of Hess v. Westerwick, supra. This case, as we have already pointed out, and Ross Appeal, 366 Pa. 100, are readily distinguishable on the facts and, therefore, are not in point. In both of these cases valuable, improved properties were sold for a pittance without notice to the party who owned the property at the time of the sale. In the present case accrued taxes to time of sale by the County of Bucks amounted to $131.90 and two qualified persons fixed the market value of this vacant land at $200 and the owner of the property had the notice of sale required by law.

If necessity demanded it, there is another matter which might have an important bearing on the decision in this case. In September 1950, William H. Conca and Edward J. Cantwell called upon Hannah Henzler at her home in Philadelphia and informed her that the county commissioners had presented a petition to the court stating that Mr. Conca had offered to purchase the property for $200 and that a hearing would be held in court on October 2, 1950, and advised her to see her lawyer and do something about it. Thus, it is clear that personal notice of the exact situation was given to these owners while they still had the absolute right to redeem (72 PS §6105.1), and they did nothing about it. Such conduct might well constitute a waiver of any alleged defect in the proceedings and an abandonment of any rights in the property.

The complaint does not indicate whether the action is brought under the statutes of the Commonwealth or under the Rules of Civil Procedure relating to action to quiet title, being rules numbers 1061 to 1066, inclusive. In this respect, in Goodrich-Amram Civil Practice, rule 1061(b)-6, we find the following comment:

"In every case, therefore, the plaintiff should state in his complaint whether his action to quiet title is founded upon a statutory authorization (specifying it) or upon the general power of the court to quiet titles."

Pa. R. C. P. 1061(b) (2) provides:

"The action may be brought . . . where an action of ejectment will not lie, to determine any right, lien, title or interest in the land or determine the validity or discharge of any document, obligation or deed affecting any right, lien, title or interest in land."

The complaint is silent as to whether or not an action of ejectment will lie as well as to whether plain-

tiff or defendants are in possession of the property. It is clear that if defendants are in possession and ejectment will lie, the action to quiet title is not the proper remedy: Versailles Township Authority v. McKeesport, 171 Pa. Superior Ct. 377, 382, Buck v. Brunner, 167 Pa. Superior Ct. 142.

Likewise, there is no direct testimony in relation to possession, but possibly from the testimony an inference could be drawn that plaintiff is in possession. Since this matter previously has been called to the attention of counsel for plaintiff and counsel for defendants, we shall assume for the present that the matter of jurisdiction is not questioned.

Although the record of trial before the court does not disclose that service was made on William Koons, Alfred Hansen and Ella Hansen, his wife, Margaret F. Hellings, their heirs, executors, administrators or assigns, in accordance with the order of court of March 5, 1951, investigation in the prothonotary's office discloses that proof of service on these defendants was filed on March 26, 1954. No appearances having been entered or answers filed as to the above-named defendants, plaintiff is entitled to judgment by default.

### Conclusions of Law

1. That the assessment for the year 1946 for the property of John Henzler et ux, as set forth in the within findings of fact, was valid.

2. That the return of the tax collector for Bensalem Township for unpaid 1946 taxes on the property of John Henzler and Hanna Henzler, his wife, was valid and legally sufficient.

3. That the sale of the said property by the Bucks County treasurer on August 2, 1948, was in compliance with the law and valid.

4. That the registered mail notice sent by the county treasurer on March 31, 1948, directed to John Henzler

notifying him of a public sale of the land to be held on August 2, 1948, was a sufficient compliance with the act of 1931 as amended and the Constitution of Pennsylvania.

5. That personal notice was given to Hanna Henzler of the hearing to be held before the court on October 2, 1950, on the petition of the county commissioners for leave to sell the said property to William H. Conca.

6. That the deed of the county commissioners to William H. Conca, dated October 10, 1950, recorded November 6, 1950, in Bucks County deed book, vol. 779, p. 456, is sufficient under the law to pass a valid title to the purchaser.

7. That judgment should be entered for plaintiffs barring defendants from asserting any right, title, interest or claim in the premises inconsistent with the right, title and claim of plaintiffs as set forth in the complaint.

And now, November 1, 1956, it is hereby ordered that defendants, John Henzler and Hanna Henzler, also known as Hannah Henzler, his wife, William Koons, Alfred Hansen and Ella Hansen, his wife, Margaret F. Hellings, their heirs, executors, administrators or assigns, be forever barred from asserting any right, lien, title or interest in the land involved in these proceedings description of which is fully set forth in plaintiff's complaint and under finding of fact no. 1 of this opinion unless exceptions are filed to this order within 30 days.

It is further ordered and directed that notice of the filing of this order be given to J. Lawrence Grim, counsel for John Henzler and Hanna Henzler, forthwith, and that notice be given to the remaining defendants by the sheriff of Bucks County by publication in the Bristol Courier and the Bucks County Law Reporter within 10 days.