## Bolen Real Estate Tax Sale

Argued May 26, 1958. Before JONES, C. J., BELL, MUSMANNO, ARNOLD, JONES and COHEN, JJ.

*Harry C. Elsesser, Jr.,* for appellant.

*William W. Hafer,* for appellee.

OPINION BY MR. JUSTICE ARNOLD, June 30, 1958:

This is an appeal from the judgment of the court below setting aside a sale of lands to appellant for unpaid taxes. The sole question in the case is whether the description contained in the advertisement of sale was sufficient to sustain the sale.

The property was sold under the provisions of the "Real Estate Tax Sale Law" of 1947, P.L. 1368, 72 PS §5860.101 et seq., which provides, inter alia: "All claims for taxes returned, made up as a claim . . . shall set forth: (a) The names of the taxing districts . . ., (b) The name of the owner of the property . . ., (c) A description of the property . . . sufficient to identify the same. A description . . . shall be deemed sufficient if it contains (1) a reference to a record of a deed . . . which describes the property, or (2) a reference to the number . . . of the property in a [recorded] plan, . . . and the record of such plan, or (3) a reference to the number on any lot and block plan officially adopted . . ., or (4) . . . the street and number of the property as officially designated by the public authorities . . ., or (5) . . . a statement of the approximate acreage of the property and a name of at least one (1) owner of adjoining property, if . . . accompanied by information showing the character of and use to which the property is devoted. . . *The aforesaid description shall not be deemed exclusive."* (Italics supplied).

The property in question consisted of two contiguous pieces of land acquired by one Bolen in 1953 by two separate deeds, of record. Bolen proceeded to develop the lands as a race track, with appellee doing the work.

Bolen failed to pay appellee, John E. Maitland, who entered a mechanic's lien for the debt, the lien dating from 1953. Commencing in 1954, the year following purchase, the two tracts of land, consisting of 89 acres and 10 acres respectively, were assessed as one tract of 99 acres with improvements. Bolen failed to pay the 1954 and 1955 taxes, and as a result they were duly advertised for sale in 1957, the notice of sale following the same manner in which they were assessed. The advertisement gave the name of the owner, and the description set forth that the property was in "Codorus Township, 99 Acres and Imp." Appellant, Milton H. Aronauer, purchased the premises, whereupon the appellee filed exceptions attacking the description as being inadequate.

Bolen never owned any other property in Codorus Township, and the record shows that both appellee and his attorney knew of the sale prior to the same.

Whether or not an assessment, or notice of sale, of realty for taxes adequately described the property is dependent upon a number of circumstances, among which is ". . . whether there are other lands in the immediate vicinity owned by the same person:" *Humphrey v. Clark*, 359 Pa. 250, 255, 58 A. 2d 836. The descriptions need not be by metes and bounds, but must so identify the premises that the owner, the collector, and the public can determine what property is being assessed or sold: *Sarous v. Morgan*, 171 Pa. Superior Ct. 165, 166, 90 A. 2d 353; *Boulton v. Starck*, 369 Pa. 45, 51, 85 A. 2d 17.

Although the description in the instant case did not follow any of the methods suggested by the Act, it is to be noted the Act provides that "the aforesaid description shall not be deemed exclusive"; and, if the instant description apprised the owner, collector, and public of what land was being sold, it was adequate

regardless of its form. No one could have been misled as to the subject matter of this sale even by a cursory examination. Bolen owned no other than this land in Codorus Township; he was the true owner, under whose name it was assessed and sold; and the assessment and notice of sale, identical in their description of the property, carried the total acreage of both pieces, and identified it as improved. Merely because it originally consisted of, and was acquired as, two separate pieces, does not invalidate the assessment or sale.

Where separate but contiguous pieces of land are improved and used as one tract, such as here, it is proper and not at all uncommon for the assessment to be made as one piece, and thereafter be so carried in the tax records. In fact, to do otherwise would serve no purpose and would be neither sensible nor practical. This is not a case where the assessments were separate and the sale attempted through "lumping" of the properties, as in *Boulton v. Starck,* supra; nor are the factual circumstances of other cases cited by appellee apposite to the instant case. We find no basis for invalidating the sale.

Judgment reversed, and here entered for appellant.