## Mercer County Tax Claim Bureau Tax Sale

*Albert E. Acker*, for exceptants.

*T. A. Sampson, Jr.*, contra.

STRANAHAN, J., August 19, 1966.—On August 9, 1965, property in Greene Township, Mercer County, owned by Donald E. Brenizer and Fern L. Brenizer, husband and wife, was sold for taxes.

On September 22, 1965, the Mercer County Tax Claim Bureau made a return indicating the sale of a number of properties, including the Brenizer property, which return was confirmed nisi.

On October 22, 1965, petitions were filed by Donald E. and Fern L. Brenizer, the property owners, and by Homer H. Sparks Co., the holder of a judgment against the Brenizer property. Both petitions are similar in substance and, therefore, can be disposed of in the same opinion. . . .

Exceptants' first objection relates to the claim filed in the claim docket, in which the name of the husband Donald E. Brenizer only was listed. Since exceptants' petition is in the nature of "Objections and Exceptions to Tax Sale", it cannot attack the legality of the claim entered.

The Act of July 7, 1947, P. L. 1368, sec. 607 (d), 72 PS §5860.607 (d), provides in part:

"Any objections or exceptions to such sale may question the regularity or legality of the proceedings of the bureau in respect to such sale, but may not raise

the legality of the taxes on which the sale was held, . . . *or the claim entered therefor*".

If Fern L. Brenizer desired to atack the validity of the claim entered, she must proceed under the provisions of section 314(e) of the Act of July 7, 1947, 72 PS §5860.314(e). This she failed to do, and she is prohibited from attacking the validity of the claim by taking exceptions and objections to the sale.

The second objection is that no notice of the sale, either by registered mail, advertisement or posting, was given to the wife. The notice was given only to the husband, who did admit by his testimony that he advised the wife of it.

We accept the rule of Cantwell v. Henzler, 9 D. & C. 2d 21, that notice to the husband is notice to the wife when the property is owned as tenants by the entireties and the parties are living together. This rule is particularly applicable when the husband advises the wife of the notice.

The final argument of exceptants is that the description in the tax claim and the notices is defective. There is no merit to this position. The statute of July 7, 1947, sec. 309(c), 72 PS §5860.309(c), sets forth various manners in which the property is to be described, but the statute concludes with the following language:

"The aforesaid description shall not be deemed exclusive".

In Bolen Real Estate Tax Sale, 393 Pa. 377, page 379, the court said:

"If the description apprised the owner, collector and public of what land was being sold, it was adequate regardless of its form".

Since the Brenizers owned no other land, and since the newspaper advertisement was sufficient to identify a rural piece of land, no person, whether he be owner, collector or prospective bidder, could have failed to know what land was being sold.

ORDER

Now, August 19, 1966, the exceptions and objections to the tax sale of property formerly owned by Donald E. Brenizer and Fern L. Brenizer are dismissed, and the sale is confirmed absolutely.