**Surket v. Lovett**

■■■■■■■■■

■■■■■

*R. Kirkland McQuiddy*, for Surket Estate.
*George M. Bush*, for plaintiff.
*Samuel B. Hornstein*, for defendant.

BIESTER, Jr., *J.*, August 2, 1982—Plaintiff, Benjamin A. Surket, filed his complaint in equity in 1974. He died on July 30, 1979 and by order of our court dated March 1, 1981, R. Kirkland McQuiddy, Esq., Executor of the estate of plaintiff was substituted as plaintiff. By this action plaintiff seeks to declare void certain deeds dated August 4, 1971 recorded in Bucks County Deed Book No. 2016, page 50 and Bucks County Deed Book No. 2016, page 1150, which deeds were from the Treasurer of Bucks County to defendant pursuant to defendant's purchase at a tax sale held on August 4, 1969 of certain lots bearing Bucks County Tax Parcel Nos. 14-12-43 and 14-12-46. There is sufficient confusion lying in the numbers of the tax parcels and other matters in this case so that we will hereinafter refer to the two parcels simply as parcels 43 and 46 respectively.

Plaintiff asserts that there were various errors in the sale of parcels 43 and 46 including an inadequate description of the parcels and an inadequate notice of sale provided by the Bucks County Tax Claim Bureau to plaintiff prior to the sale. The court makes the following:

## FINDINGS OF FACT

1. The original plaintiff, Benjamin A. Surket, resided at R.D. #3, Quakertown, Haycock Township, Bucks County, Pa.

2. Defendant purchased Parcels 43 and 46 for $45.26, said amount representing delinquent County, Road, Borough and School Taxes, together with interest and cost of sale.

3. On October 21, 1971, the Treasurer of Bucks County issued two Deeds conveying Parcels 43 and 46 to defendant, said Deeds being recorded in Deed Book No. 2016 at pages 50 and 1150 respectively.

4. On August 4, 1979, the aforesaid parcels of real property were owned in fee by plaintiff.

5. Benjamin Surket acquired title to Tax Parcels 43 and 48 by intestacy being the sole surviving heir of his parent, Jack Surket.

6. Parcels 43 and 46 are adjacent.

7. Parcel 43 contains approximately 2.7 acres.

8. Parcel 46 contains approximately 3.6 acres.

9. The address for Parcels No. 43, 46 and 48 is R.D. #3, Quakertown, Haycock Township, Bucks County, Pa.

10. Lot 48 is the tract of land on which Mr. Surket had his home.

11. The post office address R.D. No. 2, Quakertown would indicate that the location of any premises bearing such address would be in Milford Township, Bucks County, Pa. and not in Haycock Township.

12. Parcels Nos. 43 and 46 are unseated lands.

13. Decedent, Benjamin Surket, has always spelled his name "Surket."

14. The 1967 and 1969 Bucks County Tax Assessment records describe Parcel No. 43 as land

being 680 feet west of legislative Route 09103 and 100 feet south of Township Road 463. The records further list the owner of Parcel 43 as Benjamin Surkit and show the address of Parcel No. 43 as R.D. #2, Quakertown. The assessment records further indicated that Parcel 43 contained 4.77 acres.

15. The Bucks County Tax Assessment records indicate the address of Tax Parcels 46 and 48 as R.D. #3, Quakertown.

16. Tax Parcel 43 actually has road frontage of 360 feet along Township Road 463 and is 320 feet west of legislative Route 09103.

17. A registered surveyor could not locate Tax Parcel 43 by site inspection given the information contained in the 1967 Bucks County Tax Assessment records or the 1969 Notice of Tax Sale issued by the Bucks County Treasurer's Office, i.e., the name of the property owner, the address of the property, the location of the property, and the quantity of acreage.

18. Parcel 43 was purchased by defendant for $23.01, of which amount $20 represented cost and the actual delinquent taxes were $3.01.

19. By Deed of Easement executed October 30, 1970, Benjamin Surket conveyed portions of Tax Parcels 43 and 48 to the Commonwealth of Pennsylvania. In reference to Tax Parcel 48, the 1967 delinquent taxes were redeemed by Chelsea Title Company on behalf of Benjamin Surket.

20. Although the Commonwealth taking involved portions of tax parcel 43, apparently parcel 43 was not redeemed by Chelsea Title Company on behalf of Benjamin Surket, Mr. Surket, however, believed the redemption was effective on 48, 43 and 46.

21. In 1969, the fair market value of Tax Parcel 43 was between $3,000 and $4,000.

There are a number of problems in connection with the subject tax sale. First, the assessment was listed in the wrong name, Surkit instead of Surket. Therefore, not only were the assessments in the wrong name, but notice was mailed out using the wrong name. The misspelling of plaintiff's last name may seem to be a minor matter. However, it should be noted that he and his family are of Latvian extraction and that the letters "Sur" are components of a great number of persons' last names who are of Latvian extraction. The area of Upper Bucks County in which defendant lived has had a number of other families also of Latvian extraction with names such as: Suran, Surkin, and Suret. Further, when one couples the misspelled name with the inaccurate address of Quakertown, R.D. 2 as opposed to Quakertown, R.D. 3 the possibility of misunderstandng or misapprehending any advertisement or notice begins to grow.

In addition to those two matters one adds the fact that the description of the premises in the assessment is not even close to the actual description of the subject property, the subject property being 2.7 acres and the assessment description calling for 4.7 acres of land. The description in fact was so defective on the assessment that neither a professional land surveyor nor even defendant himself could identify or locate the parcel being sold for taxes given only the information contained in the sale notice and the assessment records. It is not necessary that a metes and bounds description of subject property be given in a notice of sale of land for taxes, but the notice must at least identify the premises so that the owner and the public can determine what property is being sold: Tax Sale of Boland's Real Estate, 393 Pa. 377, 143 A. 2d 339 (1958). The sufficiency of a particular description is also significant when the person whose property is being sold

owns other lands in the immediate vicinity of the subject property. That is precisely the case here. See Tax Sale of Boland's Real Estate, supra; Cantwell v. Henzler, 6 Bucks Co. L. Rep. 273 (1957). See also Reddington v. Boland, 59 Lacka. Jur. 25 (1958).

We take into account also since the matter is in equity certain equitable considerations. Plaintiff was a man up in years who, at least as of 1971, experienced some difficulty in walking and could not read without glasses and suffered from a variety of disabling ailments. Secondly, defendant in this action although he knew of the impending tax sale did not advise plaintiff that in fact the land faced such a tax sale. At the very close of the trial the court interrogated defendant and had the following colloquy with him:

"The Court: Just a moment, Mr. Lovett. How often did you see Mr. Surket during the period of 1969?

The Witness: One time I went up there. I had seen Mr. Surket around at—well, mostly like hotel or bar rooms and stuff like that.

The Court: Was your association with him of a friendly sort?

The Witness: Yes.

The Court: Did you discuss with him that he had a property for sale for taxes in the area of twenty-three dollars?

The Witness: No.

The Court: Why not?

The Witness: We just never talked that much about it. I didn't want to say too much about it on account of he might redeem it.

The Court: Did you tell him that his home was up for sale for taxes?

The Witness: No.

The Court: Why not?

The Witness: I just didn't.

The Court: That's all I have.

The Witness: I had figured that he probably would redeem his home, but the landlocked pieces back in the woods—

The Court: He would not redeem?

The Witness: Were boulders and stuff.

The Court: That's all.

Mr. Bush: I have no further questions.

Mr. Hornstein: Nothing further.

The Court: You may step down."

Thirdly, we should note that the property was sold for $3.01 plus $20 costs while it had a value of $3,000 to $4,000 at the time of the tax sale. It is not clear to what extent gross inadequacy is a basis for invalidating a statutorily proper tax sale. See First Federal Savings and Loan Association v. Swift, 456 Pa. 206, 321 A. 2d 895 (1974). Where, however, the sale procedures display the collection of errors and confusions which obtained in the instant case, and where the purchaser at tax sale was well aware that an elderly acquaintance was ignorant of the impending sale and the purchaser declined to relieve him of that ignorance and where the sale was grossly inadequate to the value of the subject property, we believe that those circumstances summon a host of equitable considerations which require the setting aside of the subject tax sale. Nor, under all the circumstances may this defendant have the advantage of a defense of laches.

The following point should also be reiterated and must never be forgotten:

"It has been said many times that '[t]he strict provisions of the [Real Estate' Tax Sales[Law] [are]

never meant to punish taxpayers who omitted through oversight or error (from which the best of us are never exempt) to pay their taxes. Tax acts were rather meant to protect the local government against wilful, persistent, long standing delinquents for whom we hold no brief, and to whom the appellate court decisions have consistently given short shrift.' Stephens Appeal, supra, 53 Pa. Comm. Ct. at 428-429, at 208-209, quoting from Ross Appeal, 366 Pa. 100, 107, 76 A. 2d 749, 753 (1950)."

For all the above reasons, we set aside the tax sale and direct the reconveyance of the property to the Estate of Benjamin A. Surket.

The above adjudication has been prepaed pursuant to the appeal taken by defendant to the Superior Court. Prior to this adjudication the following orders have been entered in this case:

## ORDER

And now, September 14, 1981, it is hereby ordered, directed and decreed that deeds dated August 4, 1971 and recorded in Bucks County Deed Book No. 2016, page 50 and Bucks County Deed Book No. 2016, page 1150 obtained from the Treasurer of Bucks County pursuant to defendant's purchase of Bucks County tax parcel Nos. 14-12-43 and 14-12-46 are hereby declared null and void.

## ORDER

And now, May 11, 1982 with the agreement of counsel for both parties, it is hereby ordered, di-

rected and decreed that defendant's exception to this matter be placed on the Argument List for Monday, May 17, 1982. Argument will take place at 10:00 am in Courtroom No. 2 at the Bucks County Courthouse, Doylestown.

## ORDER

And now, June 10, 1982, after argument before the above panel of judges and upon consideration of the parties' briefs, defendant's exceptions are hereby dismissed.