J-A33009-16
J-A33010-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| RANDY LEEPER AND CONNIE LEEPER | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| WILLIAM QUEER, J.H. PORCH, JUDITH MONROE, ADMINISTRATRIX OF THE ESTATE OF JOSEPH C. MONROE, DECEASED, AND PATRICK L. MONROE, AND THEIR HEIRS, EXECUTORS, ADMINISTRATORS AND ASSIGNS, DEVISEES, GRANTEES, ASSIGNEES, LIENORS, CREDITORS, TRUSTEES OR OTHER CLAIMANTS, CLAIMING BY, THROUGH, UNDER OR AGAINST ANY OR ALL OF SAID DEFENDANTS | |
| Appellees | No. 54 WDA 2016 |

Appeal from the Order December 22, 2015
In the Court of Common Pleas of Somerset County
Civil Division at No(s): 644 Civil 2013

\*\*\*\*\*

| | |
|---|---|
| RANDY LEEPER AND CONNIE LEEPER | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| JAMES TINKEY, DEAN TINKEY, RALPH TINKEY, AND HAROLD TINKEY, INDIVIDUALLY AND/OR T/D/B/A TINKEY BROTHERS LUMBER COMPANY, AND/OR TINKEY BROS.; J.R. ENOS, INDIVIDUALLY AND/OR T/D/B/A PAUL BUNYAN TREE SERVICE; PAUL BUNYAN TREE SERVICE; PATRICK MONROE; JOSEPH C. MONROE; ROSALLE COTTON, | |

J-A33009-16
J-A33010-16

EXECUTRIX OF THE ESTATE OF JOSEPH
A. MONROE, DECEASED; LILLIAN FAY
MONROE; EOG RESOURCES, INC.,
CROWN COMMUNICATIONS; CROWN
CASTLE USA, T/D/B/A CROWN
COMMUNICATIONS; AND CROWN
CASTLE INTERNATIONAL

               Appellees         No. 100 WDA 2016

Appeal from the Order December 10, 2015
In the Court of Common Pleas of Somerset County
Civil Division at No(s): 231 Civil 2006

BEFORE:  LAZARUS, J., SOLANO, J., and STRASSBURGER, J.[*]

MEMORANDUM BY LAZARUS, J.:        **FILED APRIL 18, 2017**

Randy Leeper and Connie Leeper (the Leepers) appeal from the orders, entered in the Court of Common Pleas of Somerset County, which denied their claim to quiet title to an 11-acre tract of land and dismissed their claim that Appellees[1] had converted lumber on the tract of land. Upon review, we affirm.

The salient facts of this matter are as follows. The Leepers, husband and wife, filed a complaint in equity to quiet title

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] The appeals at 54 WDA 2016 and 100 WDA 2016 have been consolidated. The appeal at 54 WDA 2016 stems from an action to quiet title to the 11-acre property that is the subject of the consolidated appeals. The appeal at 100 WDA 2016 involves an action to recover for conversion for the clearing of timber from the 11-acre property.

- 2 -

regarding an 11[-]acre parcel of unseated land in Jefferson Township, Somerset County, which was acquired by [the Leepers] through a private tax deed dated August 11, 1998[,] and recorded on January 21, 1999[,] at Record Book Volume 1441, Page 203. [The Leepers] assert that they have good and marketable title to the 11[-]acre parcel which, they maintain, is situate[d] within a 50[-]acre tract owned by the various [Appellees] pursuant to a "double assessment." In essence, [the Leepers] maintain that the subject 50[-]acre parcel became divided into two assessed parcels, one being a[n approximately] 40[-]acre parcel and the other being an 11[-]acre parcel, which received separate treatment in the assessment office over the years[,] including separate tax sales. While it is undisputed that [the Leepers] were the successful purchasers of a property identified as "11 acres of timber[,]" the more difficult question regards whether the tract actually exists as a separate parcel, and if so, where [it is] located[.]

Trial Court Opinion, 1/6/16, at 1-2.

At the close of the presentation of the Leepers' evidence, Appellees moved for dismissal for failure to meet the burden of proof regarding having a superior quality of title to the 11-acre parcel. The trial court granted the compulsory nonsuit, and this timely appeal followed.

On appeal, the Leepers raise the following questions for our review:

1. Whether [the Leepers] are the fee simple owners of the subject [11-]acre parcel of land in Somerset County, Pennsylvania?

2. Whether the lower court committed an error of law and/or abused its discretion in granting compulsory nonsuit where [the Leepers] established *prima facie* title to the [11-]acre parcel at issue?

3. Whether the trial court erred as a matter of law and/or abused its discretion in finding that [the Leepers'] deed, supplemented by parole evidence, was insufficient to adequately describe the nature and location of the [11-]acre parcel within the [50-]acre parcel?

4. Whether the trial court erred as a matter of law and/or abused discretion in relying on evidence introduced by [the Appellees] in [the Leepers'] case in chief to support the grant of the compulsory nonsuit?[2]

Brief of Appellant, 100 WDA 2016, at 2; Brief for Appellant, 54 WDA 2016, at 4.

The issues raised address the trial court's grant of compulsory nonsuit on the basis that the Leepers failed to present evidence of good title to the 11-acre parcel at issue in this matter. When reviewing the entry of a nonsuit, our standard of review is well-settled:

> [Entry] is proper only if the factfinder, viewing all the evidence in favor of the plaintiff, could not reasonably conclude that the essential elements of a cause of action have been established. When a nonsuit is entered, the lack of evidence to sustain the action must be so clear that it admits no room for fair and reasonable disagreement. A compulsory nonsuit can only be granted in cases where it is clear that a cause of action has not been established and the plaintiff must be given the benefit of all favorable evidence along with all reasonable inferences of fact arising from that evidence, resolving any conflict in the evidence in favor of the plaintiff. The fact-finder, however, cannot be permitted to reach a decision on the basis of speculation or conjecture.

*Billig v. Skvarla*, 853 A.2d 1042, 1048-49 (Pa. Super. 2004) (quoting *Joyce v. Boulevard Therapy & Rehab. Ctr., P.C.*, 694 A.2d 648, 652-53 (Pa. Super. 1997)).

We note that

_____

[2] The Leepers' issues raised on appeal have been renumbered for ease of disposition.

- 4 -

[t]he burden of proof in an action to quiet title is on the plaintiff. In such an action, the plaintiff can recover only on the strength of his or her own title and not upon the weakness of the defendant's title. Where, as here, the trial court has determined that the plaintiffs failed to meet their burden of proving title, that determination will not be reversed in the absence of an error of law or a capricious disregard of evidence.

**Montrenes v. Montrenes**, 513 A.2d 983, 984 (Pa. Super. 1986).

In order to prevail in this matter, the Leepers were required to present a prima facie case that they had title to an 11-acre, timbered property with a specific location. **See Hunter v. McKlveen**, 65 A.2d 366, 367 (Pa. 1949) (tax sale of land not valid unless assessment and conveyance contain sufficient descriptions to identify and disclose the property; metes and bounds description not required, "but the land must be so identified that the owner, the collector, and the public can determine what property is being assessed or sold" (citations omitted)); **see also Sarous v. Morgan**, 90 A.2d 353, 354 (Pa. Super. 1952) (when conveying land in a tax sale it is important whether the land is rural or urban, "[a]nd if the [description] does not enable the owner, officer and public to identify and determine . . . the *exact* property which is delinquent and liable to sale, the sale is void" (emphasis in original)).

Here, real estate attorney Richard Anton, Esquire, and Joseph Perigo, a title searcher, testified that title to the 11-acre parcel had passed via tax sale. However, the trial court found that the identification of the property was too speculative. We agree.

Perigo's testimony established that while it is likely that the 11 acres are part of the original 50-acre parcel, no legal description was created for the 11-acre parcel. N.T. Non-Jury Trial, 11/17/15, at 53. Where, as here, no deed shows a legal description, a general location and tax map are used to determine location. However, nothing definite could be established for the 11-acre parcel. *See id.* at 53-55. Perigo conceded that he had "concern as to where the property lines may be" *id.* at 57, going as far as to say there is "no way of determining what the property lines may be." *Id.* at 63. Moreover, there are no adjoining landowners, to show where the property is, since this is an area of unseated land. *See id.* at 121-23. As surveyor Richard Cross indicated, there are no monuments to determine the exact location of the property. *Id.* at 137-38. The only thing available to make a determination, essentially, is acreage, which is last in the hierarchy of things considered in determining the location of a property, according to Cross. *Id.* at 140. Cross testified that he never found the forested-11 acre parcel. *Id.* at 142.

Attorney Anton testified that no metes and bounds description exists, but that title still passed to the Leepers for the 11-acre parcel. *See* N.T. Non-Jury Trial, 12/10/15, 209-10. However, Attorney Anton confirmed that a parcel appearing on a tax map or a tax assessment cannot create good title. *See id.* at 229, 232. Randy Leeper testified that he observed the size of trees and stumps and believed he had identified the general area of the 11-acre parcel based on his knowledge of clearing forests for lumber.

However, his testimony did not definitively establish the location of the parcel. *See id.* at 253-66.

Thus, the Leepers established that an 11-acre parcel of timbered land was conveyed and redeemed multiple times from the 1800s until 1998, when they purchased the parcel in a tax sale. Some testimony was presented that makes it appear that the 11-acre parcel came from somewhere within the southeastern portion of the 50-acre parcel. Even assuming, however, that the 11-acre parcel was carved out of a particular area within the original 50-acre parcel, its actual location within the original parcel is entirely speculative and the Leepers cannot quiet title on this basis.[3] *Hunter*, *supra*; *Sarous*, *supra*. Accordingly, the trial court's determination was not a capricious disregard of evidence nor was it an error of law. *Montrenes*, *supra*.

Finally, the Leepers argue that the court improperly considered evidence provided by Appellees in granting nonsuit, asserting that the court relied upon records introduced through cross-examination to show that the 11-acre parcel was not located within the 50-acre parcel. As the trial court did not solely rely on this rationale in coming to its conclusion in its Pa.R.A.P. 1925(a) opinion, and since our basis for affirming the trial court is the

---

[3] We note that in the case at docket number 100 WDA 2016, the cause of action is for conversion of the timber on the 11-acre parcel. However, since the Leepers are unable to present a *prima facie* case to quiet title to the parcel, their conversion cause of action is moot.

imprecise description of the 11-acre parcel, any error in this regard was harmless. *See Blumenstock v. Gibson*, 811 A.2d 1029, 1033 ("we are not limited by the trial court's rationale and [ ] we may affirm on any basis").

Order affirmed.

SOLANO, J., joins the memorandum.

STRASSBURGER, J., files a dissenting memorandum.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/18/2017